■ ESTÉRCES & ASSOCIATES, Respondent, v COASTAL COMMUNICATIONS CORPORATION, Appellant. [707 NYS2d 62] —Judgment, Supreme Court, New York County (Julius Birnbaum, Spec. Ref.), entered September 20, 1999, in favor of plaintiff advertising salesperson's sole proprietorship and against defendant magazine publisher in the amount of $73,487.67, inclusive of interest, costs and disbursements, unanimously affirmed, with costs.

A fair interpretation of the evidence supports the Special Referee's finding that defendant did not have good cause to terminate its one-year commission agreement with plaintiff (*see, Thoreson v Penthouse Intl.*, 80 NY2d 490, 495), and that plaintiff is therefore entitled to unpaid commissions. As to whether there are any unpaid commissions, defendant relies on a "pay-when-paid" provision in the subject agreement, under which defendant was to pay plaintiff a commission for making a sale of advertising only if and when defendant received payment from the advertiser. The Special Referee, reasonably assuming that defendant was more likely than plaintiff to have records pertinent to defendant's receipt or nonreceipt of payments from advertisers for invoiced sales, properly made it defendant's burden to prove that the invoices were not paid rather than plaintiff's burden to prove that they were (*see,*

Calamari and Perillo, Contracts § 11-7, at 444 [3d ed]; 2 Farnsworth, Contracts § 8.2, at 398-399 [2d ed]). Upon defendant's failure to produce such records, the Special Referee properly drew an adverse inference against it (*see, Noce v Kaufman*, 2 NY2d 347, 353). Concur—Wallach, J. P., Lerner, Rubin and Buckley, JJ.