■ JUDITH A. BABB et al., Respondents-Appellants, v HILLCREST HOMEOWNERS ASSOCIATION, INC., Also Known as HILLCREST HOMEOWNERS ASSOCIATION, Appellant-Respondent, and KEITH MARTENS et al., Respondents. [765 NYS2d 920] —Crew III, J.P. Cross appeals (1) from an order of the Supreme Court (Malone, Jr., J.), entered July 19, 2002 in Albany County, which, inter alia, partially granted plaintiffs' motion for partial summary judgment, and (2) from an order of said court, entered November 12, 2002 in Albany County, which, upon reconsideration, adhered to its prior decision.

Plaintiffs are owners of townhouses situated in a residential subdivision known as Hillcrest in the Town of Colonie, Albany County. Defendant Hillcrest Homeowners Association, Inc. (hereinafter the Association) is a not-for-profit corporation established for the purpose of promulgating and implementing rules and regulations governing the use of members' properties located in the subdivision, as well as maintaining the common areas owned by the Association.

In 1994, plaintiffs observed erosion upon what they perceived to be the Association's land and called this to the attention of the Association. As a consequence, the original builder of the subdivision dumped and graded fill on both plaintiffs' and the Association's properties and constructed a fence along the rear of plaintiff Judith A. Babb's property. When that endeavor failed to solve the problem, plaintiffs commenced this action against the Association and the individuals comprising its board of directors seeking money damages by reason of the Association's failure to repair and maintain its common areas. Following joinder of issue, plaintiffs moved for partial sum-

mary judgment on the issue of liability and defendants cross-moved for summary judgment dismissing the complaint. Supreme Court partially granted both motions to the extent that it awarded summary judgment to plaintiffs as to the Association only and awarded summary judgment to defendants dismissing the complaint against the individual board members. The Association and plaintiffs cross appeal from this order. The Association thereafter moved for reconsideration and, upon granting said motion, Supreme Court adhered to its prior order. The Association also appeals from this order.

The record makes plain that the Association's certificate of incorporation, as well as the declaration of protective covenants, vests the Association with the responsibility to maintain and repair all common areas within the subdivision, including the maintenance of slope control areas. Plaintiffs contend that the common areas and/or a slope control area abutting their respective properties to the rear was the cause of the erosion on said parcels. Thus, urge plaintiffs, the Association failed to maintain its common areas and/or a slope control area as required by the certificate of incorporation and its declaration of protective covenants, and it is therefore liable for breach of contract.

The problem with plaintiffs' assertion is that the only proof that the Association owns the property complained of is found in Babb's reply affidavit, wherein she avers that "at the time I first purchased my townhouse my backyard areas (*sic*) was level and the 'Association' land to the rear, and west, of my property had been seeded, was covered with grass which was regularly mowed." This wholly conclusory and unsubstantiated assertion is insufficient to establish ownership of the offending land. Moreover, the assertion by plaintiffs' expert that the land in question was a slope control area mandated to be maintained by the Association is sharply disputed by the Association's expert, and Supreme Court acknowledged that there was a question of fact in this regard. Further, the Association's expert has raised a substantial issue as to whether the erosion problem originated on plaintiffs' property as the result of the original construction of the property, and determination of this issue is not possible without further discovery. As a final matter, we agree with Supreme Court that Not-For-Profit Corporation Law § 720-a shields the individual members of the Association's board of directors from liability.

Mugglin, Rose and Kane, JJ., concur. Ordered that the orders are modified, on the law, without costs, by reversing so much thereof as partially granted plaintiffs' motion for partial sum-

mary judgment; said motion denied; and, as so modified, affirmed.