■ GRYPHON DOMESTIC VI, LLC, et al., Respondents, v APP INTERNATIONAL FINANCE COMPANY, B.v., et al., Appellants. [795 NYS2d 43]—

Judgment, Supreme Court, New York County (Helen E. Freedman, J.), entered April 13, 2004, which, upon a prior grant of summary judgment, awarded plaintiffs damages sustained by reason of defaults under three note issues, unanimously modified, on the law, to vacate the awards premised on the Lontar and Indah Kiat 06 Notes, and otherwise affirmed, without costs, and the matter remanded for further proceedings.

Defendants contend that plaintiffs failed to comply with certain conditions precedent set out in section 4.6 of the Lontar indenture and section 4.5 of the Indah Kiat indentures. However, these conditions do not apply to the Indah Kiat 02 Notes, which have already matured (*see e.g. Upic & Co. v Kinder-Care Learning Ctrs., Inc.*, 793 F Supp 448, 454-455 [SD NY 1992]). Contrary to defendants' claim, plaintiffs did raise this argument in the motion court, and, accordingly, it is properly preserved as a ground for affirming the judgment insofar as it pertains to the Indah Kiat 02 Notes (*see e.g. Matter of American Dental Coop. v Attorney-General*, 127 AD2d 274, 279 n 3 [1987]). Plaintiffs submitted sufficient evidence, including account statements from third parties and affidavits from third parties linking those account statements to the Depository Trust Company (DTC), that they owned Indah Kiat 02 Notes as of the date of the amended complaint. Absent any reason to doubt the third parties' credibility—and defendants have not proffered any—it was not necessary for plaintiffs to obtain documents from DTC and Euroclear (*see e.g. Gonzalez v 1251 Americas Assoc.*, 262 AD2d 210, 211 [1999]). Because plaintiffs' proof included business records, the Indah Kiat 02 judgment was not based wholly on inadmissible hearsay (*cf. Zelnik v*

*Bidermann Indus. U.S.A.*, 242 AD2d 227, 228 [1997]). CPLR 3212 (f) did not bar the grant of summary judgment on the Indah Kiat 02 Notes (*see e.g. Citibank, N.A. v Furlong*, 81 AD2d 803, 804 [1981]).

Summary judgment, however, was improperly granted with respect to plaintiffs' claims premised on the Lontar and Indah Kiat 06 Notes. None of the plaintiffs proved that it owned any notes as of July 23, 2002, the date of the letter in which former plaintiffs General Electric Capital Corporation, Gramercy Advisors, L.L.C., and Oaktree Capital Management, LLC asked the trustee to sue defendants and offered the indemnity required by section 4.6 of the Lontar indenture and section 4.5 of the Indah Kiat indentures. The letter itself is hearsay (*see e.g. Arnold Herstand & Co. v Gallery: Gertrude Stein, Inc.*, 211 AD2d 77, 79 [1995]), plaintiffs' affidavits do not even clearly state that they owned the notes as of July 2002, as opposed to the date of the amended complaint (*see Babb v Hillcrest Homeowners Assn.*, 309 AD2d 1137, 1138 [2003]), and the earliest account statement (for only one of the plaintiffs) is from February 2003, seven months after the date of the letter. Further, before plaintiffs moved for summary judgment, defendants had requested account statements. An adverse inference may be drawn from plaintiffs' failure to produce their own account statements for July 2002, which—unlike documents from DTC and Euroclear—are within their control (*see e.g. Esterces & Assoc. v Coastal Communications Corp.*, 271 AD2d 286 [2000]).

Plaintiffs OCM Opportunities Fund II, L.P. and OCM Opportunities Fund III, L.P. further failed to prove that Oaktree (the entity that allegedly signed the July 2002 letter on their behalf) was their agent, duly appointed in writing, as required by section 6.1 of the indentures. On their summary judgment motion, they merely submitted affidavits from Oaktree. However, "the declarations of an alleged agent may not be shown for the purpose of proving the fact of agency" (*Moore v Leaseway Transp. Corp.*, 65 AD2d 697, 698 [1978], *affd* 49 NY2d 720 [1980]). Unlike plaintiffs Gryphon, Columbia/HCA Master Retirement Trust, and Gramercy Emerging Markets Fund, OCM II and OCM III did not submit any written documents, signed by the principal, authorizing the agent. Since defendants had previously requested the written appointments of plaintiffs' agents, and since those documents were under plaintiffs' control, an adverse inference may be drawn from OCM II's and OCM III's failure to produce such documents (*see e.g. Seward Park Hous. Corp. v Cohen*, 287 AD2d 157, 168 [2001]).

We note that vacatur of the awards obtained by these

plaintiffs on the Lontar Notes and the Indah Kiat 06 Notes will not leave them without a remedy. In a separate action, the trustee has sued on behalf of all holders of those notes, and defendants have conceded that the conditions precedent in section 4.6 of the Lontar indenture and section 4.5 of the Indah Kiat indentures do not apply to suits by the trustee.

On appeal, for the first time, defendants request that summary judgment be entered in their favor. However, they failed to prove that plaintiffs did not own any notes as of July 23, 2002, or that Oaktree was not OCM II's and OCM III's agent as of July 23, 2002. Concur—Buckley, P.J., Marlow, Sullivan, Gonzalez and Sweeny, JJ.