■ U.S. Bank National Association, Respondent, v APP International Finance Company, B.V., et al., Appellants. (And Another Action.) [815 NYS2d 66]—

Judgment, Supreme Court, New York County (Helen E. Freedman, J.), entered March 10, 2005, granting plaintiff recovery of principal and statutory interest on three secured notes, in the total amount of $851,323,323, unanimously affirmed, with costs.

Defendants issued and/or guaranteed the notes and then failed to make payment. They challenge the right of plaintiff trustee to bring this action on the ground that it failed to satisfy the preconditions necessary to sue under the indentures. The trustee, in these circumstances, has standing to sue for nonpayment of the notes on behalf, and for the benefit, of all of the noteholders. Those noteholders also have a right to sue under certain circumstances, and indeed did so on a subset of these notes in a related action brought by Gryphon Domestic VI and others against the judgment debtors herein. However, since the right of the *Gryphon* plaintiffs to sue on the notes derived from the trustee's right to sue, those plaintiffs could not have brought suit unless and until the trustee had already satisfied any preconditions to its own capacity to sue. Therefore, the plaintiffs in *Gryphon* asserted in their amended complaint that all preconditions to their action had been satisfied.

Significantly, defendants did not challenge the allegation by the *Gryphon* plaintiffs that all preconditions to suit had been met, nor did they otherwise challenge the trustee's standing. The motion court, in affording the *Gryphon* plaintiffs summary judgment, thus necessarily determined that the trustee had met any preconditions to suit, which finding was not disturbed when this Court subsequently vacated the original summary judgment awards with respect to the *Gryphon* plaintiffs' claims as to certain of the notes (*see* 18 AD3d 286 [2005]). In any event, even assuming defendants are not collaterally estopped from now arguing an issue that they previously conceded in *Gryphon* (*see Bansbach v Zinn,* 1 NY3d 1 [2003]), the motion court properly found that the trustee had, in fact, satisfied any preconditions to sue on all the notes at issue in the instant matter. Concur—Saxe, J.P., Marlow, Sullivan, Gonzalez and Malone, JJ.