■ U.S. Bank National Association, Plaintiff, v APP International Finance Company et al., Defendants. Fintech Advisory, Inc., Respondent, v U.S. Bank National Association, Appellant. [823 NYS2d 361]—

Order, Supreme Court, New York County (Helen E. Freedman, J.), entered December ·16, 2005, which, to the extent appealed from as limited by the briefs, granted plaintiff-in-intervention Fintech Advisory's motion to compel U.S. Bank to disclose certain communications, documents and information withheld on the basis of the common interest privilege, unanimously reversed, on the law, with costs, and the matter remanded to the motion court for further proceedings in accordance with the decision herein.

This appeal is one of a series of legal disputes among the instant parties regarding three notes issued and/or guaranteed by the APP defendants (*see Gryphon Dom. VI, LLC v APP Intl. Fin. Co., B.V.*, 18 AD3d 286 [2005] [affirming plaintiffs noteholders' recovery on a subset of the notes]; *Gryphon Dom. VI, LLC v GBR Info. Servs., Inc.*, 29 AD3d 392 [2006]; *U.S. Bank N.A. v APP Intl. Fin. Co., B.V.*, 29 AD3d 394 [2006]). In the latest appeal (*id.*), we ruled that indenture trustee U.S. Bank had standing to recover on behalf and for the benefit of all the noteholders, and we affirmed the 2005 judgment granting it recovery of the remaining principal and statutory interest due on the three secured notes.

Plaintiff-in-intervention Fintech Advisory, a 1% stakeholder, moved to intervene, alleging that U.S. Bank's filing of this action breached its fiduciary duties to a subset of the noteholders, itself included. In its intervention complaint Fintech pointed to U.S. Bank's allegedly persistent and unreasonable refusal to participate in the restructuring plan offered by the APP defendants as a basis for enjoining U.S. Bank's prosecution of its claims on the notes. As an affirmative defense, U.S. Bank claimed that Fintech was working at the behest of or in concert with the APP defendants and/or receiving consideration from these defendants or their representatives to bring this action in violation of Judiciary Law § 488.

In response to litigation instigated by the APP defendants to restrain U.S. Bank and others from exercising their rights to recover on the notes both in the U.S. and abroad, U.S. Bank, the *Gryphon* plaintiffs, and other interested parties (collectively the common interest parties) entered into a "Common Interest and Confidentiality Agreement" so as to protect from disclosure these entities' shared and coordinated litigation strategy against the APP defendants. Fintech moved to compel discovery including disclosure of the purported common interest materials. Insofar as relevant herein, the motion court summarily ruled that the common interest privilege was unavailable to U.S Bank inasmuch as Fintech was itself a noteholder on whose behalf U.S. Bank was required to act as a fiduciary. This was error.

In New York, we recognize that "the public interest is served by shielding certain communications . . . from litigation, rather than risk stifling them altogether," and have afforded a conditional, or qualified, privilege to a communication made by one person to another upon a subject in which both have an interest, known as a common interest privilege (*Liberman v Gelstein*, 80 NY2d 429, 437 [1992]). While we have addressed the availability of the common interest doctrine in the context of an attorney-client communication (*see e.g. 330 Acquisition Co., LLC v Regency Sav. Bank, F.S.B.*, 12 AD3d 214 [2004]; *Feygin v Martell*, 283 AD2d 304 [2001]), the federal courts have been instructive in its applicability (*see e.g. United States v Schwimmer*, 892 F2d 237, 243-244 [2d Cir 1989]; *Gulf Is. Leasing, Inc. v Bombardier Capital, Inc.*, 215 FRD 466, 470 [SD NY 2003]; *Lugosch v Congel*, 219 FRD 220, 236 [ND NY 2003], *vacated and remanded on other grounds* 435 F3d 110 [2d Cir 2006]). Before a communication can be protected under the common interest rule, the communication must satisfy the requirements of the attorney-client privilege; that is, the communication must have been made for the purpose of facilitating the rendition of legal advice or services in the course of a professional relationship and have been primarily or predominantly of a *legal* rather than a *commercial* nature (*see Gulf Is. Leasing*, 215 FRD at 470-471; *see also Matter of Nassau County Grand Jury Subpoena Duces Tecum Dated June 24, 2003*, 4 NY3d 665, 678 [2005]).

The record indicates that most of the purported common interest materials were generated well before Fintech acquired its interest in the notes. Further, Fintech's deposition witness testified that his company had mutual interests with the APP defendants in having U.S. Bank desist, making it plausible that Fintech will share with the APP defendants any information

that it receives concerning U.S. Bank's common defense strategy. Because we find that the materials are at least potentially protected, we reverse. To the extent that this order is not rendered academic in light of our previous decision (29 AD3d 394 [2006], *supra*), we remand the action for an in camera review by the motion court for the purpose of determining which of the purported common interest materials are subject to the attorney-client privilege and thus exempt from disclosure.

We have considered Fintech's other contentions and find them unavailing. Concur—Saxe, J.P., Marlow, Sullivan, Gonzalez and Malone, JJ.