OPINION OF THE COURT
Barbara R. Kapnick, J.
Plaintiffs GUS Consulting GmbH, formerly known as Creditanstalt Investment Bank AG., CIS Emerging Fund Limited, ZAO Financial Partners and ZAO Creditanstalt-Grant moved for an order compelling defendant to produce responsive documents pursuant to plaintiffs’ previously served requests for discovery and inspection.
Defendant Chadbourne & Parke LLP (Chadbourne) initially opposed the production of certain documents based on a joint defense agreement between Chadbourne and Holme Roberts & Owen LLP (HRO) and HRO’s former partner, Margaret McLean, the defendants in a substantially similar lawsuit brought in Colorado. There is no dispute that Chadbourne and HRO executed a written joint defense agreement in July 2005, but defendant claimed that Chadbourne and HRO had first entered into an oral joint defense agreement in 2001.
After this court scheduled a hearing to determine the scope of the pre-July 2005 oral agreement, defendant agreed to voluntarily produce communications between Chadbourne and/or its counsel and HRO up to the time of the execution of the July 2005 agreement, thus rendering moot that portion of the motion and alleviating the need for the hearing.
However, the issue of whether or not defendant should be compelled to produce documents starting from July 2005 remains unresolved.
The courts of this state have recognized that
“ ‘the public interest is served by shielding certain communications . . . from litigation, rather than risk stifling them altogether,’ and have afforded a conditional, or qualified, privilege to a communication made by one person to another upon a subject in which both have an interest, known as a common interest privilege (Liberman v Gelstein, 80 NY2d 429, 437 [1992])” (U.S. Bank N.A. v APP Intl. Fin. Co., 33 AD3d 430, 431 [1st Dept 2006]).
*541 “Like all privileges, the common interest rule is narrowly construed.” (Gulf Is. Leasing, Inc. v Bombardier Capital, Inc., 215 FRD 466, 471 [SD NY 2003].[1]
“Before a communication can be protected under the common interest rule, the communication must satisfy the requirements of the attorney-client privilege; that is, the communication must have been made for the purpose of facilitating the rendition of legal advice or services in the course of a professional relationship and have been primarily or predominantly of a legal rather than a commercial nature.” (U.S. Bank N.A. v APP Intl. Fin. Co. at 431[2] [citations omitted]; see also Finkelman v Klaus, 17 Misc 3d 1138[A], 2007 NY Slip Op 52331[U] [Sup Ct, Nassau County 2007].)
In the instant case, plaintiffs request that this court conduct an in camera review of the post-July 2005 communication in order to determine: (i) whether Chadbourne can satisfy its burden of establishing that its interests do not diverge sufficiently from those of HRO and McLean to prevent formation of a joint defense agreement; and (ii) whether there are specific documents as to which Chadbourne can satisfy its additional burden of establishing “identical” interests, among Chadbourne, HRO and McLean in the subject matter of the underlying communications.
Although some federal courts have held that the doctrine applies only where the nature of the parties’ common interest is “identical, not similar” (Bank of Am., N.A. v Terra Nova Ins. Co. Ltd., 211 F Supp 2d 493, 496 [SD NY 2002]; see also Gulf Is. Leasing, Inc. v Bombardier Capital, Inc., supra; Shamis v Ambassador Factors Corp., 34 F Supp 2d 879 [SD NY 1999]), other courts,
“[i]n recognizing the exigencies of the joint-defense privilege, . . . have not required a total identity of interest among the participants. The privilege applies when a limited common purpose necessitates *542 disclosure to certain parties. Thus, even where a later law-suit is foreseeable between the co-defendants [,] that does not prevent them from sharing confidential information for the purpose of a common interest.” (Eugenia VI Venture Holdings, Ltd. v Chabra, 2006 WL 1096825, *1, 2006 US Dist LEXIS 23421, *3-4 [SD NY 2006].)
The Appellate Division, First Department, has implicitly adopted the latter approach, finding that the required “interlocking relationship” existed between a plaintiff and a nonparty despite the fact that they were a debtor and creditor. (330 Acquisition Co., LLC v Regency Sav. Bank, F.S.B., 12 AD3d 214 [1st Dept 2004]; see also Aetna Cas. & Sur. Co. v Certain Underwriters at Lloyd’s, London, 176 Misc 2d 605, 611 [Sup Ct, NY County 1998], affd 263 AD2d 367 [1st Dept 1999], lv dismissed 94 NY2d 875 [2000] [which found that the common interest privilege applied to “those parties facing common problems in pending or threatened civil litigation”].)
Thus, this court finds that a total identity of interest among the participants is not required under New York law. Rather, the privilege applies where an “interlocking relationship” or a “limited common purpose” necessitates disclosure to certain parties.
Applying this standard and having conducted an in camera review of the documents contained in defendant’s previously exchanged privilege log, this court finds that all of the documents at issue fall within the common interest privilege between Chadbourne and HRO and are thus protected from disclosure and/or are legal documents, including prior motions and court orders, which are already in the possession of the plaintiffs.
Accordingly, plaintiffs’ motion to compel defendant to produce additional responsive documents pursuant to plaintiffs’ requests for discovery and inspection is denied.

. The Appellate Division, First Department, has acknowledged that “the federal courts have been instructive” in the applicability of the common interest doctrine in the context of an attorney-client communication. (U.S. Bank N.A. v APP Intl. Fin. Co. at 431.)

. In that case, the Appellate Division, First Department, remanded the action for an in camera review by the motion court for the purpose of determining which of the purported common interest materials were subject to the attorney-client privilege and thus exempt from disclosure.