■ GRYPHON DOMESTIC VI, LLC, et al., Respondents, et al., Plaintiff, v APP INTERNATIONAL FINANCE COMPANY et al., Appellants. [871 NYS2d 115]—

Order, Supreme Court, New York County (Helen E. Freedman, J.), entered October 11, 2005, which denied defendants' motion to compel plaintiffs to notify certain nonparties concerning a ruling of this Court in connection with plaintiffs' collection efforts, and order, same court and Justice, entered May 16, 2008, which enjoined defendants from disbursing funds in furtherance of the master restructuring agreement (MRA), directed those funds to be turned over to plaintiffs, and adjudged the Indah Kiat defendants in civil contempt, unanimously affirmed, with separate bills of costs.

This action arises from a default in the payment of approximately $14 billion worth of notes. Defendants, which are affiliated entities, entered into an MRA with certain creditors, not including plaintiffs. After plaintiffs obtained a judgment against defendants, they sent out restraining notices and judgment enforcement subpoenas to various nonparties. This Court subsequently modified the judgment with respect to defendants APP International Finance, Asia Pulp & Paper and P.T. Lontar Papyrus Pulp & Paper (18 AD3d 286 [2005]). Defendants sought an order requiring plaintiffs to notify the nonparty recipients of the restraining notices and subpoenas that this Court had modified the judgment.

Courts have broad discretionary power, under CPLR article 52, to control and regulate the enforcement of a money judgment in order to prevent unreasonable annoyance, expense, embarrassment, disadvantage or other prejudice (*Guardian Loan Co. v Early*, 47 NY2d 515, 519 [1979]; *see e.g. Paz v Long Is. R.R.*, 241 AD2d 486 [1997]). Defendants have not demonstrated how the failure to notify the nonparties prejudices them. The subpoenas were all satisfied, withdrawn or abandoned, and the nonparty that received the sole remaining restraining notice was aware of the ruling from related proceedings. Accordingly, the court properly denied the motion.

Defendants also appeal the motion court's grant of an injunction against their depositing of funds into MRA accounts in Indonesia, and the order that these funds be paid to plaintiffs in satisfaction of the judgment, in accordance with the April 17, 2007 order of this Court (41 AD3d 25 [2007]). They argue that the motion court erred in restraining them from paying credi-

tors under the MRA because the accounts are located in Indonesia and cannot be attached by a New York court, that the MRA creditors have priority, and that if they paid plaintiffs' judgment or transferred assets to plaintiffs it would violate Indonesian law.

Each of these arguments has been raised by defendants on a prior appeal, and was rejected by this Court in its April 17, 2007 order. The court properly granted the injunction.

Defendants also challenge the motion court's order holding the Indah Kiat judgment debtors in civil contempt for failure to comply with our April 17, 2007 order. A civil contempt is where the rights of an individual have been harmed by the contemnor's failure to obey a court order. To sustain a finding of civil contempt based on alleged violation of a court order, it is necessary to establish that a lawful order of the court was in effect, clearly expressing an unequivocal mandate. It must also appear with reasonable certainty that the order has been disobeyed and that the party had knowledge of its mandate (*see Matter of Department of Envtl. Protection of City of N.Y. v Department of Envtl. Conservation of State of N.Y.*, 70 NY2d 233, 240 [1987]).

Our April 17, 2007 mandate was clear. The Indah Kiat judgment debtors have provided no evidence that they obeyed it. All they have done is rehash arguments previously made and rejected by this Court. Plaintiffs have been harmed by the repeated failure of those debtors to comply with court orders.

The Indah Kiat judgment debtors were given 90 days to purge themselves of the contempt. Since there is no evidence they have paid the judgment, and more than 90 days have elapsed, the finding of contempt is affirmed. Concur—Tom, J.P., Gonzalez, Buckley, Sweeny and Catterson, JJ.