| |
|---|
| **Honeedew Inv. Ltd. v Abadi** |
| 2024 NY Slip Op 31162(U) |
| April 4, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 652654/2017 |
| Judge: Nancy M. Bannon |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     HON. NANCY M. BANNON                    PART          61M

*Justice*

-------------------------------------------------------------------------X

HONEEDEW INVESTING LIMITED,

                        Plaintiff,

                 - v —

CARLOS ABADI and BARBARA ABADI,

                    Defendants.

-------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 652654/2017 |
| MOTION DATE | N/A |
| MOTION SEQ. NO. | 001 002 |

**DECISION, ORDER
and JUDGMENT**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 6, 7, 8, 9, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 48, 95, 97, 375, 378, 380, 383, 388

were read on this motion to/for                 CONTEMPT         .

The following e-filed documents, listed by NYSCEF document number (Motion 002) 10, 11, 12, 13, 14, 15, 16, 17, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 49, 96, 98, 147, 148, 149, 150, 151, 152, 153, 154, 155, 156, 157, 158, 159, 160, 161, 162, 163, 164, 165, 376, 379, 384, 389, 391, 392, 393, 394, 395, 396, 397, 398, 399, 400, 401, 402, 403, 404, 405, 406, 407, 408, 409, 410, 411

were read on this motion to/for       INJUNCTION/RESTRAINING ORDER   .

## I. BACKGROUND

The plaintiff seeks to recover damages arising from the defendants' failure to make payments pursuant to a settlement agreement and judgment by confession entered against the defendants, jointly and severally, in the principal sum of $4,603,408.23 on May 17, 2017. To date, the judgment has not been satisfied, notwithstanding extensive enforcement efforts on the part of the plaintiff, which included 17 motions in the action alone over the course of more than six years of litigation. Branches of MOT SEQ 001 and MOT SEQ 002 remain for decision.

On September 20, 2018, the plaintiff judgment creditor moved to punish the defendants for civil contempt for their alleged interference with the plaintiff's efforts to enforce collection of its judgment, an order enjoining the defendants from interfering with the plaintiff's rights to enforce the judgment and an order appointing the plaintiff's Argentine counsel as receiver to sell the defendants' apartment located in Buenos Aires, Argentina (SEQ 001). By a subsequent,

**652654/2017   HONEEDEW INVESTING LIMITED vs. ABADI, CARLOS**               **Page 1 of 9**
Motion No.  001 002

1 of 9

and partly redundant, motion, he plaintiff sought, by order to show cause, to enjoin the defendants from transferring, diminishing, hypothecating, or otherwise disposing of the defendants' non-exempt real and personal property assets anywhere situated in the world, and to punish the defendants for civil contempt based on additional acts of interference with the plaintiff's efforts to enforce collection of its judgment (SEQ 002).[1]  In that order to show cause, dated October 10, 2018, the court granted the plaintiff a TRO prohibiting the defendants from transferring and/or hypothecating real and personal property as above.

By way of further background, the defendants, residents of New York and Buenos Aires, Argentina, and possibly Florida, own an apartment in Buenos Aires at Calle Parera 37:47. The defendants sold their cooperative apartment on Fifth Avenue in Manhattan in late 2020 to partially satisfy the debt but due to a prior lien the sale proceeds remaining were reduced and are being held in escrow. See Matter of Honeedew Investing, ILLC v J.P. Morgan Chase Bank, N.A., 214 AD3d 595 (1st Dept .2023). The defendants, in their June 12, 2017, response to information subpoenas served by the plaintiff, had failed to disclose their ownership of the Buenos Aires apartment.  When the defendants, through their counsel, finally revealed their connection to the Buenos Aires apartment, they falsely represented that the property was encumbered and, despite having been served with restraining notices pursuant to CPLR 5222, the defendants listed the Buenos Aires apartment for sale at a value of US$2.5 million.

The plaintiff, through Argentine local counsel, obtained an injunction in Buenos Aires temporarily enjoining the transfer of the Buenos Aires apartment, in a proceeding in the Argentine court captioned Matter of Recognizing Foreign Sentence Case No. 055732-2017. The plaintiff was required to post a cash bond in the sum of US$200,000 in order to continue the injunction.  In response to the injunction, the defendants are alleging in the Argentine court that the judgment entered in New York on May 17, 2017, does not exist and that they do not owe any debt to the plaintiff, in direct contradiction to the affidavits of confession of judgment each defendant swore to on November 9, 2016, and November 14, 2016, respectively.  After the filing of the first motion for contempt in this action (MOT SEQ 001), the defendants escalated their efforts in Argentina to frustrate enforcement of the New York judgment by demanding a hearing to discontinue the Argentine enforcement proceeding, based in part upon the defendants'

---

[1] By MOT SEQ 002, the plaintiff also sought to require the defendants to appear for post-judgment depositions, but that branch of the motion was rendered academic, as the defendants did appear for their scheduled depositions.

**652654/2017   HONEEDEW INVESTING LIMITED vs. ABADI, CARLOS**                    Page 2 of 9
**Motion No.  001 002**

2 of 9

[* 2]

baseless assertions that the New York judgment is invalid. In this proceeding, however, the defendants have equivocated as to the validity of the judgment.

In regard to MOT SEQ 001 and MOT SEQ 002, in an interim order dated November 28, 2018, the court directed the defendants to execute affidavits prepared by the plaintiff's counsel, wherein the defendants unconditionally acknowledge the validity of the New York judgment entered on May 17, 2017, that the judgment remains unpaid, that the judgment is the same judgment that the plaintiff seeks to enforce in Argentina and that the defendants unconditionally do not dispute any part of the New York judgment or its enforceability. The foregoing was to be completed no later than December 5, 2018, and the motions were adjourned to December 12, 2018, as requested. However, when the parties subsequently appeared for a status conference to update the court on the defendants' compliance with the interim order, the defendants informed the court that they decided to again take the position that the New York judgment was invalid and refused to produce the executed affidavits. A prior counsel for the defendants represented to this court that the affidavits were, in fact, signed by the defendants but were just not delivered to the plaintiff because he and his clients were unaware that delivery was necessary, notwithstanding the clear language of the court's order.

In light of the foregoing, by an order dated April 17, 2019, the court granted MOT SEQ 001 and MOT SEQ 002, the plaintiff's motions seeking to punish the defendants for contempt, to the extent of directing the parties to appear for a contempt hearing on the issue of whether the defendants' disobedience of the court's November 28, 2018, interim order and their violation of the restraining notice served by the plaintiff pursuant to CPLR 5222 defeated, impaired, impeded, or prejudiced the plaintiff's rights. The court further granted the branch of MOT SEQ 002 seeking injunctive relief and directed that the injunction shall remain in effect pending the defendants' satisfaction of the judgment entered against them on May 17, 2017. The court denied the branch of MOT SEQ 001 seeking the appointment of a receiver to sell the Buenos Aires apartment. The hearing on MOT SEQ 001 and MOT SEQ 002 was held on May 29, 2019, and a continued hearing was held on June 20, 2023.

At the contempt hearing held on May 29, 2019, and June 20, 2023, the plaintiff adduced proof demonstrating that the defendants' disobedience of the court's November 28, 2018, interim order and their violation of the restraining notice served by the plaintiff pursuant to CPLR 5222 defeated, impaired, impeded, or prejudiced the plaintiff's rights. Specifically, the plaintiff

**652654/2017   HONEEDEW INVESTING LIMITED vs. ABADI, CARLOS**
**Motion No.  001 002**

Page 3 of 9

3 of 9

presented testimony of Alan Dayan, the manager and principal of Honeedew, at the May 29, 2019, hearing. At the June 20, hearing, Dayan gave further testimony and the plaintiff also called both defendants. The defendants presented no witnesses.

Dayan credibly testified that the defendants had not satisfied the plaintiff's judgment against them and that after Honeedew served restraining notices against them in Argentina in August 2018, they attempted to "nullify the judgment" in Argentina by challenging its validity. Dayan testified as to the costs Honeedew incurred in attempting to enforce the judgment against the defendants, including $57,000 in attorney's fees for New York counsel, as well as attorney's fees and costs for Argentine counsel in the sum of $150,000. Through Dayan's testimony, the plaintiff introduced documentary proof of these costs. Dayan also testified that the defendants never delivered the affidavits as directed by the court but did deliver them the day before the hearing. The affidavits were admitted into evidence. Dayan also testified that the defendants continued to assert in the Argentine proceeding that the judgment was invalid.

On June 20, 2023, Dayan further testified that in November 2018, he had received an order from an Argentine court which questioned the validity of the New York judgment based on the defendants' representations and required Honeedew to post a US$14,000 bond to pursue enforcement of the judgment against the defendants' Buenos Aires apartment. According to Dayan, the defendants were asserting, without basis, that the judgment was unenforceable since they owed no debt. Dayan estimated the value of the Buenos Aires apartment as US$2.5 million in 2018, based on a professional appraisal requested by Honeedew, and he believed it was free of other liens and encumbrances. It was then being rented by the defendants to a tenant for $8,300 monthly. The defendants also sought to recover $520,000 in legal fees from Honeedew in the Argentine proceeding, which, according to Dayan, was still pending at the time of the contempt hearing. Dayan testified that the fees and expenses continue to accrue.

Defendants Carlos and Barbara Abadi gave less than credible testimony. It was vague, evasive and at times demonstrably false. Carlos Abadi, a finance professional, would not state his own home address, as all witnesses are required to do when sworn, even when the court itself inquired. He testified that he lives "predominantly in Argentina" but also maintains a residence in Tampa, Florida, but did know that address. He also then testified that the Tampa residence was merely a "mailing address for notification", an address for tax purposes. Carlos Abadi testified that, notwithstanding his refusal to sign the affidavit confirming the validity of his

own confession of judgment, he never denied the debt, and that he would be willing to apply the proceeds of a sale of the Buenos Aires apartment to partially satisfy the debt. He estimated the apartment's value to be between US$1.5 and $2 million. When Carlos Abadi testified that he intended to keep possession of the property as "currency for settlement", the court informed him that any such strategy was no longer an available option in light of his confession of judgment, which was the settlement. Carlos Abadi also testified, when questioned by the court, that he was wholly unaware of the consequences of a finding of contempt, which could include an arrest warrant, as none of his many attorneys so informed him.

Barbara Abadi, who had worked as an executive coach or consultant, was able to provide a Florida address – 3438 East Lake Road, Suite 14 PMB 6433, Palm Harbor, Florida 34685, which she considered a "mailing" address only and stated that she was currently staying with friends at 1467 East Lake Woodland Parkway, Oldsmar, Florida 34677. Barbara Abadi thereafter responded to most questions asked of her by testifying that she could not recall, did not know, or that her husband, Carlos Abadi, handled all such matters and the Argentine property was in his name only. She was aware, like her husband, of the $4.6 million judgment entered against them in 2017. She testified that she was also aware that by signing her name to the confession of judgment she was jointly liable with her husband and that a finding of contempt could result in a warrant for her arrest.

The parties also stipulated to a number of exhibits to be entered into evidence and several more were admitted at the contempt hearing as noted. These included, *inter alia*, the judgment by confession, the restraining notices served on the defendants, documents concerning the litigation costs incurred by the plaintiff in the Argentine proceeding, various filings by the parties in the Argentine court, and a decision by the Argentine court dismissing the plaintiff's initial proceeding to domesticate the New York judgment in Argentina, based in part on the defendant's denial of the underlying debt to the plaintiff.

MOT SEQ 001 and MOT SEQ 002 were one of many motions filed by the plaintiff in an attempt to enforce its judgment. By order dated January 11, 2021, the court, *inter alia*, granted a third application of the plaintiff to punish the defendants for civil contempt for their continued interference with the plaintiff's efforts to enforce collection of its judgment by making false statements on the Argentine proceeding, to the extent that the parties were directed to appear for a second contempt hearing on March 24, 2021 (MOT SEQ 003, 004, 005, 006, 007). At the

652654/2017   HONEEDEW INVESTING LIMITED vs. ABADI, CARLOS                     Page 5 of 9
Motion No. 001 002

5 of 9

[* 5]

remote hearing, Alan Dayan testified regarding the Argentine proceeding, stating that the defendants were denying the debt and validity of the judgment by confession. Dayan also provided a foundation for introducing documents into evidence, including documents evidencing costs incurred in the Argentine enforcement proceeding. By order dated August 11, 2021, the court denied that contempt motion for failure of proof at the hearing but noted that the denial did not impact the plaintiff's several other pending and somewhat duplicative contempt motions. (MOT SEQ 005).[2]

In the meantime, by order dated June 4, 2021, the court, *inter alia*, granted a fourth application of the plaintiff to punish the defendants for civil contempt for failing to comply with this court's temporary restraining order dated March 22, 2019 (even as modified by the Appellate Division in a decision and order dated March 29, 2019) to the extent that the parties were directed to appear for a third contempt hearing on August 11, 2021 (MOT SEQ 009). This last order further admonished the defendants that, although the court declined for the moment to punish them with criminal contempt, their persistent refusal to comply with court directives and their attempts to disclaim responsibility for their conduct would not be countenanced and would result in increasingly serious consequences going forward.

At the August 11, 2021, hearing on MOT SEQ 009, Alan Dayan again testified regarding the attorney's fees and costs incurred in enforcement efforts on behalf of Honeedew and his knowledge and access to the defendants' assets. By an order dated January 31, 2023, the court granted the plaintiff's motion for contempt (MOT SEQ 009), found that the conduct of the defendants was "willfully contemptuous of this court and was calculated to and actually did defat, impair, impede or prejudice the rights of the plaintiff inasmuch as the defendants ... violated the court's orders dated March 22, 2029, and January 12, 2019, and the order of the Appellate Division, First Department (Singh, J.) dated March 29, 2019," and directed the defendants to pay a fine of $250 plus attorney's fees and costs in the sum of $22,721.61 pursuant to Judiciary Law § 773."

---

[2] The court found that the plaintiff's proof demonstrated that the defendants, in directing their attorney in the Argentine proceeding to dispute the New York judgment and its enforceability and in seeking attorney's fees as prevailing parties, had engaged in conduct that violated court orders and was calculated to impair the rights of the plaintiff. The court nevertheless denied the motion because, although the plaintiff insisted that it would be forced to pay additional "justice tax" fees and attorneys' fees in Argentina, it adduced no proof that any such fees had yet been paid, or that any order for payment of such fees had yet been issued by the Argentine court.

[* 6]

## II. DISCUSSION

Contempt is a drastic remedy which should not be granted absent a clear right to such relief." <u>Pinto v Pinto</u>, 120 AD2d 337, 338 (1st Dept. 1986). To prevail on a motion to punish a party for civil contempt, a party must establish that the party to be held in contempt violated a clear and unequivocal court order, known to the parties. <u>See</u> Judiciary Law § 753(A)(3); <u>see also</u> <u>McCormick v Axelrod</u>, 59 NY2d 574 (1983), <u>amended</u> 60 NY2d 652 (1983). The movant must also establish that the party to be held in contempt engaged in conduct that was calculated to and actually did defeat, impair, impede, and prejudice the rights of the movant. <u>See</u> <u>450 West 14th St. Corp. v 40-56 Tenth Avenue, LLC</u>, 15 AD3d 166 (1st Dept. 2005); <u>Lipstick, Ltd. v Grupo Tribasa, S.A. de C.V.</u>, 304 AD2d 482 (1st Dept. 2003). The plaintiff met this burden.

The court's November 28, 2018, interim order clearly directed the defendants to execute affidavits unconditionally acknowledging the validity of the New York judgment, that the judgment remains unpaid and is the same judgment that the plaintiff seeks to enforce in the proceeding in Argentina, and that the defendants unconditionally do not dispute any part of the New York judgment or its enforceability. The defendants refused to produce the executed affidavits that were the subject of the interim order or to otherwise withdraw the false allegations of fact made in the Argentine proceeding challenging the validity of the New York judgment. Indeed, by all accounts the defendants continue to falsely allege in the Argentine courts that the New York judgment entered against them is invalid and that they do not owe any debt to the plaintiff. In so doing, and as demonstrated by the plaintiff's testimony and documentary evidence, the defendants have frustrated the plaintiff's efforts to collect on its judgment by enforcing the judgment against the defendants' Buenos Aires apartment. In so funding, the court also considers that the conduct that is the subject of the present motions is part of a lengthy and troubling pattern of the defendants' contemptuous indifference to court orders, as set forth above.

The plaintiff has thus established that a lawful order of the court was in effect, clearly expressing an unequivocal mandate, that the order was disobeyed, that the defendants had knowledge of its mandate and made no attempt to comply therewith, and that the plaintiff's ability to collect on its judgment was prejudiced by the defendants' failure to comply. <u>See</u> CPLR 5251; <u>Gryphon Domestic VI, LLC v APP Intl. Finance Co.</u>, 58 AD3d 498 (1st Dept. 2009).

**652654/2017   HONEEDEW INVESTING LIMITED vs. ABADI, CARLOS**                                              **Page 7 of 9**
**Motion No.  001 002**

7 of 9

[* 7]

The court does not address the plaintiff's attempts to enforce the judgment as against other of the defendants' assets discovered during the litigation but notes that, per a recent status letter of plaintiff's counsel, the judgment remained unsatisfied as of January 2024.

Any relief not expressly granted herein is denied.

## III. CONCLUSION

Accordingly, upon the foregoing papers and this court's prior orders, it is

ORDERED that the branch of the plaintiff's motions (MOT SEQ 001 and MOT SEQ 002) seeking an order holding the defendants Carlos Abadi and Barbara Abadi in contempt is granted; and the motions are otherwise denied without prejudice, and it is further

ORDERED and ADJUDGED, that the conduct of the defendants Carlos Abadi and Barbara Abadi was willfully contemptuous of this court and was calculated to and actually did defeat, impair, impede, or prejudice the rights of the plaintiff; and it is further

ORDERED that the plaintiff shall serve a copy of this order with notice of entry upon the defendants Carlos Abadi and Barbara Abadi at the Buenos Aires, Argentina, address, and the Oldsmar, Florida, and Palm Harbor, Florida, addresses testified to by the defendants at the hearing, by Federal Express or any other major courier service, and by e-mail if available, within 10 days of its receipt thereof, and such service will be deemed sufficient in light of the defendants' past conduct; and it is further

ORDERED that the defendants Carlos Abadi and Barbara Abadi shall voluntarily appear before the Supreme Court, New York County, 60 Centre Street, Part 61, Room 232, New York, New York, 10007, within 30 days of the date of the service upon them of this order with notice of entry, during working hours on a weekday to answer this order of contempt; and it is further

ORDERED that the defendants Carlos Abadi and Barbara Abadi are directed to pay the plaintiff, within 30 days of the date of the service upon them of this order with notice of entry, the sum of $4,603,408.23, plus statutory interest from May 17, 2017, the date that the judgment by confession was entered; and it is further

**652654/2017   HONEEDEW INVESTING LIMITED vs. ABADI, CARLOS**                    **Page 8 of 9**
**Motion No.  001 002**

8 of 9

[* 8]

ORDERED that, unless the defendants shall purge themselves of the aforesaid contempt by paying the judgment in the sum of $4,603,408.23, plus statutory interest from May 17, 2017, upon the failure of one or both of the defendants Carlos Abadi and Barbara Abadi to voluntarily appear before the Supreme Court to answer this order of contempt, the court will issue a warrant directing the sheriff to bring the non-appearing defendant(s) before the court.

This constitutes the Decision, Order, and Judgment of the court.

20240405290807NBANNONA15DEF2A8D584A3E9A10579BB0418C1A

__4/4/2024__
**DATE**

**CHECK ONE:**

| | CASE DISPOSED | | X | NON-FINAL DISPOSITION |
|---|---|---|---|---|
| X | GRANTED | | DENIED | | GRANTED IN PART | | OTHER |

**652654/2017   HONEEDEW INVESTING LIMITED vs. ABADI, CARLOS**          Page 9 of 9
**Motion No.  001 002**

9 of 9

[* 9]