Allied World Natl. Assur. Co. v AIG Specialty Ins. Co. (2024 NY Slip Op 05042)

Allied World Natl. Assur. Co. v AIG Specialty Ins. Co.

2024 NY Slip Op 05042

Decided on October 15, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 15, 2024

Before: Singh, J.P., Gesmer, González, Mendez, Rodriguez, JJ. 

Index No. 654162/21 Appeal No. 2809 Case No. 2024-01691 

[*1]Allied World National Assurance Company et al., Plaintiffs-Respondents,
v
AIG Specialty Insurance Company, Defendant, Ironshore Specialty Insurance Company, Defendant-Appellant.

Jaffe & Asher LLP, White Plains (Marshall T. Potashner of counsel), for appellant.
Elsasser Law Group, PC, New York (Deborah Elsasser of counsel), for Allied World National Assurance Company, respondent.
Powell, Kugelman & Postell, LLC, New York (Joanna Crosby of counsel), for Endurance American Insurance Company, respondent.

Order, Supreme Court, New York County (Barry R. Ostrager, J.), entered December 13, 2023, which granted plaintiff Allied World National Assurance Company's motion for a protective order pursuant to CPLR 3103 and 4503, unanimously affirmed, with costs.
Plaintiffs Allied World and Endurance American Insurance Company commenced this action for a declaratory judgment that defendants were obligated to defend and indemnify the defendant joint venture in the underlying action. Defendant Ironshore Specialty Insurance Company claims Supreme Court erred by granting Allied World's motion for a protective order prohibiting the use of certain documents produced by nonparty Ironshore Indemnity, Inc. in response to Allied World's subpoena.
Supreme Court providently exercised its discretion in granting the motion for a protective order (see 148 Magnolia, LLC v Merrimack Mut. Fire Ins. Co., 62 AD3d 486, 487 [1st Dept 2009]). That Ironshore Indemnity decided to let Allied World bear the costs of the declaratory judgment action, or that they never expressly agreed to the litigation strategy, does not change the fact that they had a "common interest" with the other joint venture carriers in ensuring that Allied World's Total Pollution Exclusion, to which Endurance and Ironshore Indemnity's policies followed form, would be applied and enforced (see generally U.S. Bank N.A. v APP Intl. Fin. Co., 33 AD3d 430, 431 [1st Dept 2006]). Ironshore Indemnity's own internal emails reveal that a favorable ruling for Allied World would be a favorable ruling for Ironshore Indemnity.
Contrary to Ironshore Specialty's argument, the motion court, after two in camera reviews of the documents at issue, correctly determined that the documents were attorney-client and attorney work-product privileged documents, that the common interest privilege applied, and that the withholding of these documents would not impact the outcome of this case.
We have considered Ironshore Specialty's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 15, 2024