THE PEOPLE OF THE STATE OF NEW YORK ex rel. GEORGE BRUSSEL, JR., Respondent, against HELENE B. BRUSSEL, Appellant.

Appeal from an order of the Supreme Court at Special Term, entered May 9, 1952, in New York County, which adjudged defendant guilty of contempt of court.

*Per Curiam.* This is the second appeal connected with the question of custody of two infant daughters of divorced parents. Originally, a Referee awarded their custody to the father because of circumstances revealed in the evidence concerning the indiscreet conduct of the mother. Prior to our determination of an appeal from such decision, several changes had occurred with respect to the status of the parents. Accordingly, while we affirmed the order awarding custody to the father on the earlier appeal, we suggested that a rehearing might be sought and the wishes of the children considered by the Justice presiding at the new hearing. (*People ex rel. Brussel* v. *Brussel*, 279 App. Div. 859.)

When a new procedure was about to commence, the children left the house of the father and returned to the mother. There is no question that the father maintained a proper home for them. The order for custody required the mother to return the children to his house after periods of visitation. The father requested that she do so in this instance. She declined and suggested that he come to get them. The father properly refused in order to avoid the scene that would have resulted. Thereupon the mother was adjudged guilty of contempt for refusing to return the children. On the instant appeal by the mother we affirm the order adjudging her to be in contempt of court. We have little doubt that the mother's conduct was willful and calculated to hinder the orderly processes of the law.

The record in this case discloses a lack of parental discipline, at least on the part of the mother. An adequate disciplinary training is one of the elements in the proper upbringing of children. The court is charged with deciding what is for the best interests of the children. The parties, including the children, must abide by any decision of the court until changed. Children will be heard as to their own preferences as to custody, if they are of sufficient age and understanding. But this does not mean that their wishes will control. Certainly, they will not be permitted to take the matter into their own hands. The Trial Justice will have to decide what is in keeping with the welfare and best interests of the children and will take steps to prevent a recurrence of any disobedience of the court's order.

While the conduct of the children may be motivated by youthful impatience and their great and understandable affection for their mother, we take this occasion to suggest that they be admonished as to the necessity for obedience to the orders of the court. The mother and her attorney should be the first to advise them of the possible consequences resulting from a display of incorrigibility or disrepect for the law's commands.

Any new procedure, however, should be stayed until the children return to their father. When this happens, the hearing should proceed with dispatch, the children may be heard, and the court make such order as to custody as required by the circumstances of the case and the best interests of the children.

The order appealed from should, accordingly, be affirmed, without costs.

Peck, P. J., Callahan, Van Voorhis, Heffernan and Bergan, JJ., concur.

Order unanimously affirmed.