■ Susan H. Snook, Appellant, v. Howard H. Hall, Respondent.— Order reversed, without costs, custody of children awarded to appellant, and case remitted to Family Court to determine the question of visitation rights in accordance with the following Memorandum: The interests of the children, which are paramount, will be best served by their living with the mother. She has remarried and can better provide for the daily needs of Carol, age 10 and Kristen, age 7. The father keeps house alone and is away at work all day. The mother is awarded custody with visitation rights to the father to be determined by Family Court. All concur, Del Vecchio, J., not participating. (Appeal from order of Onondaga Family Court in custody proceeding.) Present— Goldman, P. J., Del Vecchio, Gabrielli, Moule and Bastow, JJ.

■ The People of the State of New York ex rel. Barbara M. Porter, Respondent, v. Roy A. Porter, Jr., Appellant.— Order unanimously reversed and proceeding to hold defendant in civil contempt dismissed, without costs. Memorandum: A person may not be placed in civil contempt for violation of a court order unless it is reasonably certain that his act constituted a violation thereof (*Matter of Carlson* v. *Podeyn*, 12 A D 2d 810; 9 N Y Jur, Contempt, § 19; see 22 Carmody-Wait, 2d, New York Practice § 140:2). The facts adduced upon the hearing in this contempt proceeding do not show that defendant asserted custody of the daughter named in the order of January 2, 1969 in derogation of that order nor that he prevented plaintiff from continuing custody of her and taking her home. At most it appears that he gave moral support to the desires of his two daughters to remain at his home for a few days to attend a field day. This affords no basis for holding defendant in civil contempt for violation of the terms of said order granting temporary custody of the daughter to the plaintiff mother. (Appeal from order of Genesee County Family Court in contempt proceeding.) Present — Goldman, P. J., Witmer, Moule, Bastow and Henry, JJ.