■ In the Matter of WILLIAMS & GEIGER, Respondent, v EDELMAN, BERGER, PETERS & KOSHEL, P. C., et al., Appellants.—In a proceeding by a law firm to compel appellants "to return the complete files" of certain cases to it, the appeals are from three orders of the Supreme Court, Kings County, as follows: (1) an order entered March 17, 1976 which, *inter alia,* directed appellant Jerome Edelman to deliver the subject files to petitioner; (2) an order entered March 19, 1976 which, *inter alia,* granted petitioner's motion to adjudge appellant Edelman to be in contempt of court for failing to comply with the first order; and (3) an order entered March 25, 1976 which denied appellant Edelman's motion for reargument and/or reconsideration of the order entered March 17, 1976. Order entered March 17, 1976 modified by deleting from the decretal paragraph thereof all of the words beginning with "without prejudice" and ending with "if any", and substituting therefor the following: "Ordered that the fixing of the fees due to the firm of Edelman, Berger & Peters, P.C., shall be deferred until the conclusion of each of the aforesaid actions by the trial court where said actions are pending, or by Special Term, and it is further Ordered that the proportionate shares of such fees allocated to each of the individual members of the said firm shall be presently determined by Herman Pogul, Esq., the chosen arbitrator of the members of that firm". As so modified, order affirmed, without costs or disbursements. Order entered March 19, 1976 modified by substituting the date June 2, 1976 for the date March 22, 1976 in the fourth and fifth decretal paragraphs thereof. As so modified, order affirmed, without costs or disbursements. Appeal from the order entered March 25, 1976 dismissed, without costs or disbursements. No appeal lies from an order denying reargument. The retainers signed by the clients employed the petitioners, and no one else, as their attorneys. Petitioners employed the firm of Edelman, Berger & Peters, P. C. as trial counsel, and such employment was ratified by the clients. Upon the voluntary dissolution of the said trial counsel firm, the petitioners were entitled to the return of the files (absent a specific statement of the clients to the contrary), without regard to whom the petitioners planned to forward the cases anew. Any claim of "raiding" by one member of the dissolved firm against other members is a proper matter for consideration in the arbitration hearing, as is the allocation of fees owing to the individual members of said firm (see *Edelman, Berger & Peters v Peters,* 52 AD2d 933). Martuscello, Acting P. J., Latham, Titone and Hawkins, JJ., concur.