■ JOHN PANZA et al., Plaintiffs, v IRWIN NELSON, Defendant. JEROME EDELMAN, Appellant, and LEONARD E. FRIEDMAN, Respondent.—In a medical malpractice action, the appeals are from (1) an order of the Supreme Court, Kings County, entered March 19, 1976, which, *inter alia,* directed appellant to deliver the file and X rays involved in this action to respondent and (2) a further order of the same court, entered July 21, 1976, which, after a hearing, *inter alia,* granted respondent's motion to hold appellant in contempt for failure to comply with the order entered March 19, 1976. Order entered March 19, 1976 affirmed, without costs or disbursements. Order entered July 21, 1976 reversed, without costs or disbursements, and motion to hold appellant in contempt denied. Upon the dissolution of the law firm of which appellant was a partner, respondent, who had retained the said firm as trial counsel in this action, was entitled to a return of the files absent a specific statement from the clients to the contrary (see *Matter of Williams & Geiger v Edelman, Berger, Peters & Koshel,* 52 AD2d 957). On an application to hold an individual in civil contempt pursuant to section 753 of the Judiciary Law, it is necessary that the movant show, by a reasonable certainty, that the individual is in contempt. Respondent has not satisfied his burden. Disbelief of appellant's testimony and inconclusive circumstantial evidence is insufficient to meet the standard of reasonable certainty. Hopkins, Acting P. J., Damiani, Rabin, Shapiro and Hawkins, JJ., concur.

■ EDWARD SAFCHIK, Respondent, v JAYME SAFCHIK, Appellant.—In an action in which the plaintiff husband was granted a divorce by a judgment of the Supreme Court, Nassau County, dated July 30, 1976, defendant appeals, as limited by her notice of appeal and brief, from so much of the said judgment as, after a nonjury trial, awarded custody of the youngest child of the parties to plaintiff. Judgment affirmed insofar as appealed from, without costs or disbursements. The temporary stay contained in the order of this court, dated August 31, 1976, is hereby vacated. There is ample support in the record for a finding that it is in the best interests of the child that custody be placed in the father (see *Matter of Bennett v Jeffreys,* 40 NY2d 543). In cases such as this, the decision of the nisi prius court is entitled to "the greatest respect" (see *Matter of Irene O.,* 38 NY2d 776, 777). Cohalan, Acting P. J., Margett, Damiani, Rabin and Titone, JJ., concur.