OPINION of the court
Jeffry H. Gallet, J.
This court entered a decision and order modifying the child visitation provisions of the parties’ divorce judgment (120 Misc 2d 907) after an extensive fact-finding hearing at which a court-appointed Law Guardian participated. Petitioner now moves, inter alia, to punish respondent for contempt for violation of the visitation order. Respondent’s motion to have the contempt hearing tried separate and apart from the other issues was granted.
ISSUE
May the Law Guardian participate in the contempt hearing?
THE LAW
There are two types of contempt: civil contempt (Judiciary Law, § 753) and criminal contempt (Judiciary Law, § 750). A civil contempt is one where the rights of an individual have been harmed by the contemnor’s failure to obey a court order. (People ex rel. Munsell v Court of Oyer & Terminer, 101 NY 245.) The purpose of any penalty imposed is not to punish but, rather, to compensate the aggrieved party and to coerce compliance with the court’s *521 mandate. (State of New York v Unique Ideas, 44 NY2d 345.) A civil contempt is a quasi-criminal proceeding and, therefore, the evidence must indicate with a reasonable certainty that the contemnor is guilty of contempt. (Matter of Hynes v Hartman, 63 AD2d 1; Panza v Nelson, 54 AD2d 928; People ex rel. Porter v Porter, 33 AD2d 876.)
A criminal contempt is an offense against the court’s authority. (King v Barnes, 113 NY 476.) Unlike civil contempt, the aim in a criminal contempt is to punish the contemnor for disobeying the court’s order. (State of New York v Unique Ideas, supra.) The court must find that the contemnor’s violation of the order was willful. (Matter of Sheridan v Kennedy, 12 AD2d 332.) The evidence necessary to find the accused in contempt is beyond a reasonable doubt. (Matter of Hynes v Doe, 101 Misc 2d 350.)
The difference between civil and criminal contempt is fuzzy at best, but the real distinction between the two appears to lie in the level of willfulness involved. (Matter of McCormick v Axelrod, 59 NY2d 574.)
It is not necessary for the purposes of the issue sub judice to determine which category is at issue. The penalties for any contempt are so drastic, including loss of liberty and substantial fines, that the contemnor’s due process rights must be protected. The contemnor has, among other rights, the right to a full evidentiary hearing (Matter of Bruno v Bruno, 50 AD2d 701; Ingraham v Maurer, 39 AD2d 258; State Univ. of N. Y. v Denton, 35 AD2d 176), the right to call witnesses (State Univ. of N. Y. v Denton, supra), the right to the assistance of counsel (Judiciary Law, § 770), and the right to a finding of contempt by more than a mere preponderance of the evidence (Yorktown Cent. School Dist. No. 2 v Yorktown Congress of Teachers, 42 AD2d 422; Panza v Nelson, supra; People ex rel. Porter v Porter, supra). It is possible for the same act to constitute both civil and criminal contempt. (N.A. Dev. Co. v Jones, 114 Misc 2d 896.)
THE LAW GUARDIAN’S POSITION
The Law Guardian argues that he should be permitted to participate during the contempt hearing because the result of the hearing is likely to affect the rights of the children *522 he represents. He takes the position that his appointment pursuant to section 241 of the Family Court Act includes all Family Court proceedings. He is not correct. The mere fact that there is a proceeding in the Family Court between parents, which indirectly affects the children, does not give them the right to participate or to be represented by counsel. (Rapp v Rapp, 101 Misc 2d 375.) However, the Law Guardian concedes that the children would not be permitted to intervene in a criminal trial at which one parent was the complainant and the other the defendant, even if the offense complained of took place during the court-ordered visitation.
DECISION
In weighing the due process rights of a party whose liberty interest is at risk against the rights of the children who may be indirectly affected by the result of the contempt hearing, the court must choose the protection of the respondent’s due process rights and exclude the Law Guardian. This ruling in no way affects the Law Guardian’s participation in other aspects of this proceeding between the parties. The contempt proceeding is separate and distinct from the other proceedings between the parties. (Matter of Murray, 98 AD2d 93.)