OPINION OF THE COURT
Felice K. Shea, J.
The principal issue presented by these motions to punish for civil contempt is whether a father who has disobeyed a court order of visitation may defend on the ground that his 13Vz-year-old daughter was unwilling to go home.
Plaintiff mother moves by order to show cause dated January 27, 1984 for an order punishing defendant father for civil contempt of court for his willful failure and refusal to surrender custody of their child as provided in a stipulation entered into in open court. In a second motion, plaintiff moves by notice of motion returnable May 9, 1984 for an order punishing defendant for civil contempt for his willful failure and refusal to surrender custody of their child as provided in the stipulation and as directed by this court in the presence of the parties. On consent, the two motions are consolidated for disposition.
*947 On October 17, 1983, the parties placed a stipulation on the record of the court which was incorporated in a judgment of divorce dated December 12,1983.[2] The stipulation included a provision that custody of the 13V2-year-old daughter of the parties was to remain with the mother and that the father was to have visitation during the school year on alternate weekends starting at the end of the school day on Friday, and ending Sunday evening at 8:00 P.M.
On March 6,1984, the court took testimony that showed a history of repeated failures by defendant to return the child at the end of visitation. It was not disputed that defendant exercised his right to visitation on Friday, January 20,1984, at his home in Southampton, New York, and that he knew the stipulation obligated him to return the child by 8:00 p.m. on Sunday, January 22,1984. Defendant concedes that he did not return the child and that she remained in Southampton for several weeks and was enrolled in school there in violation of the stipulation.
Section 753 of the Judiciary Law entitled “Power of courts to punish for civil contempts” reads, in pertinent part:
“A. A court of record has power to punish, by fine and imprisonment, or either, a neglect or violation of duty, or other misconduct, by which a right or remedy of a party to a civil action or special proceeding, pending in the court may be defeated, impaired, impeded, or prejudiced, in any of the following cases * * *
“3. * * * any * * * disobedience to a lawful mandate of the court.”
An essential foundation for imposition of sanctions for contempt is the existence of a court order. “In order to find that contempt has occurred in a given case, it must be determined that a lawful order of the court, clearly expressing an unequivocal mandate, was in effect. It must appear, with reasonable certainty, that the order has been disobeyed [citations omitted]. Moreover, the party to be held in contempt must have had knowledge of the court’s *948 order, although it is not necessary that the order actually have been served upon the party [citations omitted].” (Matter of McCormick v Axelrod, 59 NY2d 574, 583.)
The stipulation of the parties' is a binding agreement between them and should be honored. However, a stipulation is not an order of the court, and violation of a stipulation will not support a finding of contempt. (Gingold v Gingold, 48 AD2d 623; Kolmer v Kolmer, 13 Misc 2d 313, affd 6 AD2d 1001; 21 NY Jur 2d, Contempt, § 25.) Accordingly, plaintiff’s first motion is denied.
Plaintiff’s second application, unlike the first, is predicated upon a court order. On March 6, 1984, at the start of hearings on the prior contempt motion and a related custody proceeding, weekend visitation was arranged and defendant, an attorney appearing pro se, was directed orally by this court to return the child on Sunday evenings at 8:00 p.m. pendente lite. “[A]n oral direction * * * given in open court [is] * * * just as binding upon those who heard it as if it were written * * * and no written’ order * * * [is] required.” (Matter of Wiggins v Ithaca Journal News, 57 Misc 2d 356, 363; accord Rudnick v Jacobson, 284 App Div 1064, mot for lv to app den 308 NY 1052.)
The second application is technically deficient in that the notice of motion does not “contain on its face a notice that the purpose of the hearing is to punish the accused for a contempt of court, and that such punishment may consist of fine or imprisonment, or both, according to law” (Judiciary Law, § 756). However, defendant has chosen to contest the application on its merits and thus has waived the defect. (Matter of Rappaport, 58 NY2d 725.)
On the return date of the motion, it was stipulated that were the court to take additional testimony, the facts would be similar to those brought out at the hearing on the first motion. Defendant concedes that he failed to return the child on Sunday, April 22, 1984, returning her instead on Tuesday, April 24, 1984. Defendant’s sole defense is that the violation was not willful or intentional. Defendant asserts that his 13 V2-year-old daughter was not returned to plaintiff because the child refused to go, preferring instead to remain with him. Defendant claims he could not compel *949 his daughter to go to her mother’s home without using physical force and inflicting emotional damage upon her.
The law is clear that there need not be a willful refusal to obey a court order before a party may be adjudged in civil contempt. “It is not necessary that such disobedience be deliberate; rather, the mere act of disobedience, regardless of its motive, is sufficient to sustain a finding of civil contempt if such disobedience defeats, impairs, impedes or prejudices the rights of a party”. (Great Neck Pennysaver v Central Nassau Pub., 65 AD2d 616-617; accord Matter of McCormick v Axelrod, 59 NY2d 574, 583, supra; Yalkowsky v Yalkowsky, 93 AD2d 834, 835; 21 NY Jur 2d, Contempt, § 9.)
Defendant does not argue that his was a technical, inadvertent or mistaken violation of an order. In essence, his position is that he was unable to obey the court’s order. However, the court cannot permit the desires of a ISV2year-old child to take on the attributes of a force majeure or act of God. Defendant would undoubtedly prefer to avoid a confrontation with his child. Nonetheless, defendant as a father is chargeable with finding a solution to the conflict between the court’s order and his child’s wishes. He has a parental obligation to control and direct his daughter’s activities while she is in his care, and to take appropriate measures to gain her cooperation in returning to her mother’s home. A father may not use his daughter’s wishes to shield him from the consequences of disregarding his duty to obey the court’s lawful mandate. (See Berkman v Berkman, 57 AD2d 542, app dsmd 43 NY2d 769; People ex rel. Brussel v Brussel, 280 App Div 784.)
The proof is clear and convincing and shows that defendant kept the child with him beyond the time he was directed to relinquish her, intentionally and knowingly disobeying this court’s order. Defendant, as an attorney, is aware of his obligation to honor the court’s mandate. His conduct has defeated, impaired, impeded and prejudiced plaintiff’s rights, and stands as an unfortunate example to his daughter of disrespect for the law.
Defendant may “be punished by fine or imprisonment, or both, as the nature of the case requires”. (Judiciary Law, *950 § 770.) Under the circumstances, the appropriate punishment is the imposition of a fine not exceeding the costs and expenses of bringing the contempt motion plus the sum of $250. (Judiciary Law, § 773; Hardwood Dimension & Mouldings v Consolidated Edison Co., 77 AD2d 644, 645, app dsmd 51 NY2d 1008, cross app dsmd 54 NY2d 680.) The purpose of the fine is not to punish defendant but rather to compensate plaintiff. (State of New York v Unique Ideas, 44 NY2d 345; Matter of Larisa F. v Michael S., 122 Misc 2d 520.) Upon the papers submitted, including plaintiff’s counsel’s affidavit of legal services rendered, and upon the proceedings conducted, the court fixes the sum of $500 as plaintiff’s costs and expenses in bringing this motion.
Defendant is hereby adjudged in civil contempt and is fined the sum of $750 to be paid within 30 days after service upon him of a copy of this order with notice of entry.

. Plaintiff apparently was not aware that the judgment of divorce had been signed before the motion for contempt was brought, and the motion sought to punish only for the alleged violation of the Oct. 17, 1983 stipulation.