■ 3855 Broadway Laundromat, Inc., et al., Respondents, v 600 West 161st Street Corp. et al., Appellants.—Judgment, Supreme Court, New York County (Burton Sherman, J.), entered June 23, 1988, which, upon a directed verdict on liability in favor of plaintiffs against defendant 600 West 161st Street Corp., awarded plaintiff 3855 Broadway Laundromat, Inc. the sum of $136,390.50 and plaintiffs Sit Leung Yum and Lam Lap Wo judgment in the amount of $129,560.40, with interest and costs, unanimously affirmed, with costs and disbursements.

There is no merit to defendants' argument that the order entered pursuant to Judiciary Law § 773 barred plaintiffs from the actual recovery of damages because plaintiffs, in this wrongful eviction action, had prevailed on a claim that defendants were in contempt of an order restraining them from

interfering with plaintiffs' possession of the premises and were awarded the sum of $7,500, pursuant to that section of the Judiciary Law. Only "payment and acceptance of such a fine constitute a bar to an action by the aggrieved party, to recover damages for the loss or injury." (Judiciary Law § 773.) Here, defendants have neither demonstrated nor even alleged "acceptance" by plaintiff, so as to bar the recovery awarded in the instant judgment. Furthermore, the record clearly demonstrates that the fine of $7,500 only represented costs and expenses, including plaintiffs' reasonable counsel fees, but not actual damages. *(See, Bennett Bros. v Bennett Farmers Mkt. Corp.,* 16 AD2d 897.) Contrary to defendants' claim, the inclusion of counsel fees is appropriate. In addition, the trial court properly directed a verdict in favor of plaintiffs on liability, since that issue had previously been determined by the Referee to whom the contempt was referred. The Referee reported that defendants had committed acts, such as changing locks on the premises and otherwise preventing plaintiffs access thereto, which sufficed to establish a wrongful eviction or actual eviction. *(Barash v Pennsylvania Term. Real Estate Corp.,* 26 NY2d 77, 83.) Defendants' remaining argument is without merit and plaintiffs' purported cross appeal is not before this court, insofar as they failed to file a notice of cross appeal. Concur—Kupferman, J. P., Sullivan, Carro, Rosenberger and Ellerin, JJ.