■ Lipstick, Ltd., et al., Respondents, v Grupo Tribasa, S.A. de C.V., et al., Appellants. [758 NYS2d 317] —Order, Supreme Court, New York County (Charles Ramos, J.), entered January 7, 2002, which, in an action against the issuer and guarantor of promissory notes (1) denied defendants' motion to vacate the order, same court and Justice, dated July 31, 2001, holding them in contempt for their willful failure to respond to information subpoenas and, in the event that the contempt is not purged, permitting plaintiffs to move ex parte for a warrant directing the arrest of the officer of defendants who was personally served with the July 31st order; (2) modified the July 31st order to specify that one David Penaloza Sandoval, defendants' president, is the individual subject to arrest; and (3) denied plaintiffs' cross motion for a warrant directing Sandoval's arrest without prejudice to an ex parte application for such warrant upon a showing that Sandoval has been served in accordance with the July 31st order, unanimously affirmed, with costs.

We note defendants' attorney's acknowledgment before the motion court that he does not represent Sandoval, and his resulting lack of standing to prosecute the appeal on Sandoval's behalf (see Wehringer v Douglas Gibbons Hollyday & Ives, 49 AD2d 109, 111 [1975], lv dismissed 38 NY2d 919 [1976]). Although the motion court's denial of plaintiffs' cross motion for Sandoval's arrest moots defendants' argument that the

cross motion should have been denied because it was not served in accordance with Judiciary Law § 756, we note that the cross motion was made pursuant to the July 31st contempt order, not Judiciary Law § 756. The record establishes that defendants were served with the summons and complaint, the default judgments, the information subpoenas, the contempt motion, and the July 31st contempt order, and "it defies credulity," as the motion court put it, that Sandoval himself was unaware of these and all related documents. Accordingly, Sandoval can be punished for defendants' contempt, even though not a party to the underlying action, upon such notice as the court deems appropriate and accords with due process (*see Citibank v Anthony Lincoln-Mercury*, 86 AD2d 828, 829 [1982]; *cf. Matter of McCormick v Axelrod*, 59 NY2d 574, 583 [1983]). Concur—Tom, J.P., Saxe, Ellerin, Williams and Marlow, JJ.