■ 450 WEST 14TH ST. CORP., Respondent, v 40-56 TENTH AVE., LLC, Appellant. [789 NYS2d 25]—

Order, Supreme Court, New York County (Edward H. Lehner, J.), entered September 23, 2003, which found defendant in civil contempt for violating a prior order directing it to maintain a particular easement area in proper condition and repair, and order, same court and Justice, entered August 9, 2004, which imposed a fine of $25,000 for the contempt, to be paid to plaintiff's attorneys, unanimously affirmed, with costs.

The prior order, in January 2003, contained a clear mandate for defendant to maintain the easement area "at all times . . . in proper condition and repair," in accordance with a 1992 Easement Agreement, including repairs to the elevators in that area. It is uncontested that through September 2003, defendant made no repairs to the easement area, and it makes no attempt to argue that such area was "in proper condition and repair," as mandated. The court expressly found that defendant willfully disobeyed the January order, without satisfactory excuse or

explanation, and that such misconduct "was calculated to and actually did defeat, impair, impede and prejudice the rights and remedies of the plaintiff." Defendant was properly held in contempt (*see McCain v Dinkins,* 84 NY2d 216, 226 [1994]).

Although the September 2003 order permitted defendant to purge the contempt by making the required repairs, it is uncontested that defendant made no repairs, nor was the easement area in proper condition and repair when the court awarded attorney's fees to plaintiff's counsel 11 months later. Defendant's assertion that plaintiff suffered no prejudice or impediment to any of its rights is rejected, in light of evidence in the record that a properly maintained easement area would have enhanced the value of plaintiff's property. In any event, plaintiff had a contractual right to demand defendant's maintenance of this area. The argument that defendant was rebuilding its own property, extensively damaged by fire, and would repair the easement as part of the overall construction, was rejected by the court prior to the January 2003 order. Furthermore, the record demonstrates that even construction on defendant's own building was extensively delayed. Plaintiff was not required to wait, perhaps years, for defendant to abide by its obligation under the Easement Agreement and the court's January 2003 order.

We note that no challenge has been made to the propriety of the amount of the award. Concur—Mazzarelli, J.P., Saxe, Friedman, Sullivan and Williams, JJ.