Board of Mgrs. of the Colonnade Condominium v 32F at 347 W. 57th St., LLC (2019 NY Slip Op 03304)





Board of Mgrs. of the Colonnade Condominium v 32F at 347 W. 57th St., LLC


2019 NY Slip Op 03304


Decided on April 30, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 30, 2019

Renwick, J.P., Richter, Gesmer, Kern, Singh, JJ.


655411/17 -526 9160 9159 9158

[*1] Board of Managers of the Colonnade Condominium, Plaintiff-Respondent,
v
32F at 347 West 57th Street, LLC, Defendant-Appellant.


Scheyer & Stern, LLC, Nesconset (Fredrick P. Stern of counsel), for appellant.
Schwartz Sladkus Reich Greenberg Atlas LLP, New York (Maria I. Beltrani of counsel), for respondent.



Orders, Supreme Court, New York County (Nancy M. Bannon, J.), entered August 18, 2017, April 20, 2018, on or about June 1, 2018, and July 6, 2018 which, respectively, inter alia, granted plaintiff's motion for a temporary restraining order (TRO) prohibiting defendant from performing renovations in its apartment or allowing contractors to enter the apartment without plaintiff's authorization, extended the TRO until further order, granted plaintiff's motion to hold defendant in civil contempt to the extent of ordering a hearing, and denied defendant's motion to vacate the TRO entered August 17, 2017, unanimously affirmed, with costs.
Plaintiff demonstrated the elements required for the issuance of a temporary restraining order (see Segarra v Ashouin, 253 AD2d 406, 407 [1st Dept 1998] [purpose of a temporary restraining order is to preserve the status quo]). There are disputed issues of fact as to the nature of the alterations being performed in the unit and whether article 5, section 14 of the bylaws has been breached by either party. The court shall hold a hearing to determine whether a preliminary injunction should issue (CPLR 6312[c]; see Housing Works v City of New York, 255 AD2d 209, 216 [1st Dept 1998]). Contrary to defendant's contention, the court has discretion as to whether or not to require an undertaking before granting a TRO (CPLR 6313[c]; Slifka v Slifka, 162 AD3d 530, 531 [1st Dept 2018]).
In ordering the contempt hearing, the court made no finding that defendant or its principal was in contempt of the August 17, 2017 TRO; it only determined that a hearing was warranted. Defendant's argument that its principal was not served with the papers that would subject her to a finding of contempt is unavailing. A party's nonparty principal can be held in contempt "upon such notice as the court deems appropriate and accords with due process" (Lipstick, Ltd. v Grupo Tribasa, S.A. de C.V., 304 AD2d 482, 483 [1st Dept 2003]). Moreover, defendant failed to demonstrate on its own or its principal's behalf a lack of notice or receipt of any papers that resulted in the order directing a hearing on contempt. The record shows that defendant's counsel agreed to accept service of the TRO application on behalf of defendant's principal, and defendant does not argue that its principal did not receive the resulting August 17, 2017 TRO or any subsequent papers. The record also shows that plaintiff's contempt motion was served both on counsel and at the address that defendant's principal used in her correspondence with plaintiff.
We have considered defendant's remaining contentions and find them unavailing.
M-526 Board of Managers of the Colonnade Condominium v 32F at 347 West 57th Street, LLC
Motion to strike denied as academic.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 30, 2019
CLERK