Mauray Realty Co. v Advantage Plastics, Inc. (2019 NY Slip Op 04299)





Mauray Realty Co. v Advantage Plastics, Inc.


2019 NY Slip Op 04299


Decided on May 30, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 30, 2019

Sweeny, J.P., Renwick, Manzanet-Daniels, Tom, Oing, JJ.


406619/07 9507A 9507

[*1] Mauray Realty Co., et al., Plaintiffs-Appellants,
v
Advantage Plastics, Inc., Defendant-Respondent.


Weiss Zarett Brofman Sonnenklar & Levy, P.C., New Hyde Park (Michael J. Spithogiannis of counsel), for appellants.



Judgment, Supreme Court, New York County (Saliann Scarpulla, J.), entered April 19, 2018, bringing up for review an order, same court and Justice, entered April 19, 2017, amended by order, same court and justice, entered April 20, 2018, to clarify that it applied to both plaintiffs, which, to the extent appealed from, limited in part the amount awarded at trial to the rent due before defendant was locked out of the premises, unanimously affirmed, without costs. Appeal from the aforementioned order, unanimously dismissed, without costs, as subsumed in the appeal from the judgment and as abandoned.
Although plaintiffs landlords argue that changing the locks did not amount to an eviction, the Court of Appeals states plainly in Barash v Pennsylvania Term. Real Estate Corp. (26 NY2d 77 [1970]), "where the landlord changes the lock, or padlocks the door, there is an actual eviction" (id. at 83; see also 3855 Broadway Laundromat, Inc. v 600 W. 161st St. Corp., 156 AD2d 202, 203 [1st Dept 1989] [changing the locks amounts to actual eviction]). The evidence at trial showed that the landlords changed the locks, demanded that the tenant's counsel and not tenant maintain control over the key, and further demanded that the tenant seek approval before being permitted to obtain the key from its own counsel, thus constituting an eviction (West Broadway Glass Co. v Namaskaar of Soho, Inc., 11 Misc 3d 144(A) [App Term, 1st Dept 2006]).
We have considered the remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 30, 2019
CLERK