**Smith & Krantz, LLP v Ceccarelli Weprin PLLC**

2024 NY Slip Op 31157(U)

April 4, 2024

Supreme Court, New York County

Docket Number: Index No. 650023/2016

Judge: Nancy M. Bannon

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   <u>HON. NANCY M. BANNON</u>       PART       61

                                    ***Justice***

-------------------------------------------------------------------------------X

SMITH & KRANTZ, LLP,

                             Plaintiff,

            - v –

CECCARELLI WEPRIN PLLC,

                             Defendant.

-------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 650023/2016 |
| MOTION DATE | N/A |
| MOTION SEQ. NO. | 003 |

**DECISION, ORDER
and JUDGMENT**

The following e-filed documents, listed by NYSCEF document number (Motion 003) 104, 105, 106, 107, 108, 109, 110, 111, 112, 113, 114, 115, 116, 117, 118, 119, 120, 121, 122, 123, 124, 125, 126, 127, 138, 143, 144, 145, 146

were read on this motion to/for                PUNISH FOR CONTEMPT               .

## I.      BACKGROUND

In this action to recover upon a promissory note dated March 4, 2014, the parties, two law firms, entered into a settlement agreement dated June 7, 2018, so-ordered by the court, whereby the defendant agreed, *inter alia*, to immediate entry of a judgment in the sum of $245,000.00 and waived all counterclaims. Judgment was entered on September 27, 2018. The judgment was not satisfied. On or about November 20, 2020, the plaintiff, Smith & Krantz LLP, served two identical information subpoenas, one on defendant Ceccarelli Weprin PLLC, and the other on Joseph Ceccarelli, as a member of the firm. In addition to a deposition of Joseph Ceccarelli, the subpoena sought documents such as bank statements, payroll records, and copies of loans and mortgages "which have or may contain information concerning the judgment debtor's property, income and other means relevant to the satisfaction of the judgment." The defendant did not comply.

The plaintiff moved pursuant to CPLR 5223 and 2308(b) to compel compliance with the information subpoena or for an order holding the defendant law firm in contempt for failing to comply (MOT SEQ 002). The motion did not seek relief as against Joseph Ceccarelli. By an order dated March 30, 2021, the court granted the plaintiff's motion to the extent of directing the

**650023/2016   SMITH & KRANTZ, LLP vs. CECCARELLI WEPRIN PLLC**          **Page 1 of 5**
  **Motion No.  003**

1 of 5

defendant to comply within 60 days without prejudice for the plaintiff to seek further relief if the defendant failed to comply. In that order, the court cautioned the defendant that failure to comply with an information subpoena is governed by CPLR 2308(b), which allows the court to issue a warrant directing a sheriff to bring a witness before the person or body who issued the subpoena and, if the subpoenaed individual "refuses without reasonable cause to be examined," the court, "upon proof by affidavit, may then issue a warrant directed to the sheriff of the county where the person is, committing him to jail, there to remain until he [or she] submits to do the which he [or she] was so required to do or is discharged according to law." The defendant failed to comply. It produced no documents and failed to appear for a deposition.

On March 30, 2022, the plaintiff again moved for an order punishing the defendant for contempt (MOT SEQ 003). In support of its motion, plaintiff submitted two affidavits of Jeremy Krantz, Esq., a partner of the plaintiff firm, attesting that defendant failed to make any payments of the judgment amount, failed to produce any documents as requested by the November 20, 2020 information subpoena and March 30, 2021, order, Joseph Ceccarelli failed appear for a deposition, and plaintiff incurred $23,960.50 in attorneys' fees plus $1,481.00 in costs and expenses in making the motion, a total of $25,441.50. The defendant opposed the motion and cross-moved to quash the information subpoena.

By an order dated September 7, 2022, the court granted the plaintiff's motion to the extent of directing the defendant law firm to comply in full with the plaintiff's information subpoena within 30 days, and denied the defendant's cross-motion. In the order, the court noted that "the defendant "does not deny entering into the settlement agreement, failing to make payment as agreed and failing to comply with the information subpoena and this court's prior order." The court further directed that, should the defendant again fail to comply, a contempt hearing would be scheduled, without further motion practice, upon the plaintiff's filing of an affirmation of noncompliance. The defendant once again failed to comply and, on October 17, 2022, the plaintiff filed the affirmation of noncompliance contemplated by the court's prior order. By an order dated November 9, 2022, the court directed a contempt hearing on the issue of whether the defendant's disobedience of the court's orders defeated, impaired, impeded, or prejudiced the plaintiff's rights.

**650023/2016   SMITH & KRANTZ, LLP vs. CECCARELLI WEPRIN PLLC**
**Motion No.  003**

Page 2 of 5

At the contempt hearing, which was held on January 17, 2023, Jeremy Krantz, Esq. testified on behalf of the plaintiff and Joseph Ceccarelli, Esq. testified on behalf of the defendant. Krantz testified that his firm received none of the documents requested in the subpoena and Joseph Ceccarelli did not appear for a deposition, and he had been attempting to enforce the judgment for four years since the parties' settlement, including the motion practice detailed herein. Krantz testified that the defendant's conduct in failing to pay the judgment and failing to provide the requested documents and appear for a deposition was intended to and did impair or impede his client's ability to collect on the judgment. Joseph Cecceralli did not deny the debt, the failure to pay and the failure to comply with the subpoenas, but merely testified, without support, that the firm had not been operational for 10 years and was unable to pay the judgment or respond to the subpoenas. Both parties asked the court to consider its prior orders in this matter and to admit into evidence several documents previously submitted in connection with the parties' prior motions, including the promissory note dated March 4, 2014, the parties' so-ordered settlement stipulation dated June 7, 2018, the judgment entered on September 27, 2018, and the subject information subpoenas. The documents were admitted into evidence.

## II.    DISCUSSION

CPLR 5223 provides that "[a]t any time before a judgment is satisfied or vacated, the judgment creditor may compel the disclosure of all matter relevant to the satisfaction of the judgment, by serving upon any person a subpoena." That is, "[a] judgment debtor is entitled to discovery from either the judgment debtor or a third party in order 'to determine whether the judgment debtor[ ] concealed any assets or transferred any assets so as to defraud the judgment creditor or improperly prevented the collection of the underlying judgment' (Young v Torelli, 135 AD2d 813, 815 [1987])." Technology Multi Sources, S.A. v Stack Global Holdings, Inc., 44 AD3d 931 (2nd Dept 2007).  CPLR 5223 further provides that "failure to comply with the subpoena is punishable as a contempt of court." The failure to comply with an information subpoena is governed by CPLR 2308(b).  See CPLR 5224(a)(3)(iv). CPLR 2308(b) allows the court to issue a warrant directing a sheriff to bring a witness before the person or body who issued the subpoena and, if the subpoenaed individual "refuses without reasonable cause to be examined," the court, "upon proof by affidavit, may then issue a warrant directed to the sheriff of the county where the person is, committing him to jail, there to remain until he [or she] submits to do the which he [or she] was so required to do or is discharged according to law."

It is well settled that contempt is a drastic remedy which should not be granted absent a clear right to such relief." Pinto v Pinto, 120 AD2d 337, 338 (1st Dept. 1986). To prevail on a motion to punish a party for civil contempt, a party must establish that the party to be held in contempt violated a clear and unequivocal court order, known to the parties. See Judiciary Law § 753(A)(3); see also McCormick v Axelrod, 59 NY2d 574 (1983), amended 60 NY2d 652 (1983). The movant must also establish that the party to be held in contempt engaged in conduct that was calculated to, and actually did defeat, impair, impede, and prejudice the rights of the movant. See 450 West 14th St. Corp. v 40-56 Tenth Avenue, LLC, 15 AD3d 166 (1st Dept. 2005); Lipstick, Ltd. v Grupo Tribasa, S.A. de C.V., 304 AD2d 482 (1st Dept. 2003).

Based upon the proof presented at the contempt hearing, the plaintiff met its burden by establishing that a lawful order of the court was in effect, clearly expressing an unequivocal mandate, that the order was disobeyed, that the defendant had knowledge of the court's mandate and made no attempt to comply therewith, and that the plaintiff's ability to ascertain the location of the defendant's assets so as to enable it to collect on its judgment was prejudiced by the failure of the defendant to comply. See CPLR 5251; Gryphon Domestic VI, LLC v APP Intl. Finance Co., 58 AD3d 498 (1st Dept. 2009); Farkas v Farkas, 209 AD2d 316 (1st Dept. 1994). Nonetheless, the defendant may purge itself of the contempt by either complying with the information subpoena (see Citibank v, N.A. v Angst, Inc., 61 AD3d 484 [1st Dept. 2009]; McNulty v McNulty, 81 AD2d 581 [2nd Dept. 1981]; Ruskin v Weintraub, 36 AD2d 803 [1st Dept. 1971]) or satisfying the judgment within 30 days of service of this order. See Dayon v Chemical Bank, 45 AD2d 827 (1st Dept. 1974). Since a corporation cannot be incarcerated, the appropriate punishment for a corporation found to be in civil contempt is generally the imposition of a fine, "plus $250 in addition thereto" (see Judiciary Law § 773; State of New York v Unique Ideas, Inc., 44 NY2d 345 [1978]), which fine may include an award of attorneys' fees as part of the movant's costs and expenses. See 3855 Broadway Laundromat, Inc. v 600 West 161st St. Corp., 156 AD2d 202 (1st Dept. 1989); Bennet Bros., Inc. v Floyd Bennett Farmers Mkt. Corp., 16 AD2d 897 (1st Dept. 1962). The plaintiff's request for attorneys' fees, costs and expenses is thus granted to the extent that, unless the defendant purges itself of contempt within 30 days, it shall be fined to the extent of paying the attorneys' fees, costs and expenses incurred by the plaintiff in moving to hold it in contempt - $23,960.50 in attorneys' fees plus $1,481.00 in costs, as provided in the affidavit and testimony of Jeremy Krantz, plus $250.00 per Judiciary Law §773.

**650023/2016   SMITH & KRANTZ, LLP vs. CECCARELLI WEPRIN PLLC**                                    **Page 4 of 5**
**Motion No.  003**

[* 4]

4 of 5

### III.     CONCLUSION

Accordingly, upon the foregoing papers and this court's prior orders, it is

ORDERED that the motion of the plaintiff Smith & Krantz LLP to hold the defendant Ceccarelli Weprin PLLC in contempt of court is granted to the extent set forth below, and the motion is otherwise denied without prejudice to seek further relief if so advised; and it is further

ORDERED and ADJUDGED that the conduct of the defendant was willfully contemptuous of this court and was calculated to and actually did defeat, impair, impede, or prejudice the rights of the plaintiff; and it is further

ORDERED that, unless the defendant, Ceccarelli Weprin PLLC, shall purge itself of the aforesaid contempt within 30 days of service of this order with notice of entry by complying in full with this court's order dated September 7, 2022, which directed full compliance with the information subpoena within 30 days, or by satisfying the judgment by paying $245,000.00, plus statutory interest from September 27, 2018, it shall be fined to the extent of paying the attorneys' fees and costs incurred by the plaintiff in moving to hold it in contempt, a total of $25,441.50, plus an additional $250.00 as per Judiciary Law §773, and it is further

ORDERED that the plaintiff shall serve a copy of this order with notice of entry upon the defendant by overnight mail service within 10 days of the date of the order.

This constitutes the Decision, Order, and Judgment of the court.

_____
NANCY M. BANNON, J.S.C.
**HON. NANCY M. BANNON**

**4/4/2024**
**DATE**

| CHECK ONE: | X | CASE DISPOSED | | | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|---|
| | X | GRANTED | | DENIED | GRANTED IN PART | OTHER |

**650023/2016   SMITH & KRANTZ, LLP vs. CECCARELLI WEPRIN PLLC**
**Motion No.  003**

**Page 5 of 5**