| |
|---|
| **Walker v Brian** |
| 2024 NY Slip Op 31563(U) |
| May 1, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 155841/2023 |
| Judge: John J. Kelley |

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

[* 1]

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:  **HON. JOHN J. KELLEY**                    PART          **56M**

*Justice*

--------------------------------------------------------------------X

DOUGLAS S. WALKER, DIANA BRIAN, NATALIE H. DENT, CHRISTOPHER C. BRIAN, ALEXANDRA M. BRIAN, EARL W. BRIAN, III, JENNIFER BRIAN, DAVID SCHMICKEL, and WILLIAM J. HOWARD, all derivatively on behalf of DIANA AND EARL W. BRIAN, JR. FAMILY TRUST,

INDEX NO.            155841/2023

MOTION DATE         04/08/2024

MOTION SEQ. NO.        002

Petitioners,

- v -

EARL W. BRIAN, III,

**DECISION, ORDER, AND JUDGMENT OF CONTEMPT**

Respondent.

--------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 002) 18, 19, 20, 21, 22, 23, 25

were read on this motion to/for                    PUNISH FOR CONTEMPT                    .

This is a proceeding pursuant to CPLR 2308, 3124 and 3125 to compel the respondent, Earl W. Brian, III, to comply with a subpoena duces tecum and ad testificandum served upon him on March 17, 2023, and for an award of attorneys' fees, disbursements, and costs incurred in commencing and litigating this proceeding.  In a decision, order, and judgment dated August 25, 2023, this court granted the petition, and directed the respondent to appear in person on September 21, 2023, at 10:00 a.m., or at any adjourned date agreed upon by the parties, at the offices of the petitioners' attorneys, to give testimony concerning issues in the action entitled *Douglas S. Walker, et al. v. Mary B. Burgoyne, M.D.*, Case No. C-20-CV-22-000047, pending in the Circuit Court, Talbot County, Maryland, and to produce all of the documents demanded in the subpoena served upon him on March 17, 2023.  The respondent not only disobeyed the March 17, 2023 subpoena, but failed or refused to comply with this court's August 25, 2023 order.  The petitioners now move pursuant to Judiciary Law §§ 750, 751, and 753(A)(5) and CPLR 2308(a) to hold the respondent in civil and criminal contempt of court for his refusal to

155841/2023  DOUGLAS S. WALKER ET AL vs. EARL W. BRIAN, III
Motion No. 002

Page 1 of 4

comply with this court's August 25, 2023 decision, order, and judgment. The motion is granted to the extent that the respondent is adjudged and held to be in civil contempt, he is assessed a fine of $250.00, payable to the petitioners, and the petitioners are awarded the costs and expenses of litigating this motion, which shall be established upon submission of a bill or invoice and an affirmation of attorneys' services. The motion is otherwise denied.

The court concludes that the respondent may be held in civil contempt, but not in criminal contempt. Civil and criminal contempt are distinguishable, in that a "contempt sanction is viewed as civil if it is 'remedial,' and for the benefit of the complainant, but is criminal if its purpose is punitive, and to '"vindicate the authority of the court"'" (*New York City Tr. Auth. v Transportation Workers Union of Am., AFL-CIO*, 35 AD3d 73, 86 [2d Dept 2006], quoting *International Union, United Mine Workers of America, v Bagwell*, 512 US 821, 827-828 [1994]). "Coercive penalties designed to modify the contemnor's behavior, generally speaking, are civil in nature, while penalties meant to punish the contemnor for past acts of disobedience are criminal" (*New York City Tr. Auth. v Transportation Workers Union of Am., AFL-CIO*, 35 AD3d at 86). Inasmuch as the petitioners are not attempting to vindicate the authority of the court and are primarily seeking to modify the respondent's future behavior so that he complies with the subpoena and this court's prior order, criminal contempt is not applicable here.

To prevail on an application to punish a party for civil contempt, the moving party must establish that the party to be held in contempt violated a clear and unequivocal court order, known to the parties (*see* Judiciary Law § 753[A][3]; *see also McCormick v Axelrod*, 59 NY2d 574 [1983], *amended* 60 NY2d 652 [1983]). The applicant must also establish that the party to be held in contempt engaged in conduct that was calculated to and actually did defeat, impair, impede, and prejudice the rights of the applicant (*see 450 West 14th St. Corp. v 40-56 Tenth Avenue, LLC*, 15 AD3d 166 [1st Dept 2005]; *Lipstick, Ltd. v Grupo Tribasa, S.A. de C.V.*, 304 AD2d 482 [1st Dept 2003]). "[W]ilfulness is not an element of civil contempt" (*El-Dehdan v El-Dehdan*, 26 NY3d 19, 35 [2015]). A civil contempt must be proven by clear and convincing

**155841/2023  DOUGLAS S. WALKER ET AL vs. EARL W. BRIAN, III**
**Motion No. 002**

**Page 2 of 4**

evidence (see *Classe v Silverberg*, 168 AD3d 603, 604 [1st Dept 2019]). A lawful order of this court was rendered and in effect as of August 25, 2023, directing the respondent to appear for a deposition on a date certain and to produce requested documents on that date as well. By failing or refusing to appear or produce those documents, the respondent not only disobeyed a court order, but he also engaged in conduct that was meant to impede and prejudice the petitioners' rights. Hence, clear and convincing evidence supports the petitioners' motion.

Where, as here, a complainant's rights may be prejudiced, but an actual loss or injury has not been caused or established, the imposition of a fine is an appropriate punishment (see *King v King*, 124 Misc 2d 946, 950 [Sup Ct, N.Y. County 1984]). The "unambiguous" language of the Judiciary Law provides that such a fine may not exceed the amount of the complainant's costs and expenses in making the contempt motion, plus $250 (Judiciary Law § 773; *see State v Unique Ideas, Inc.*, 44 NY2d 345, 349 [1978]; *King v King*, 124 Misc 2d at 950). Inasmuch as the petitioners' attorneys did not submit an invoice, bill, or affirmation of attorneys' services establishing how much the petitioners incurred in prosecuting this motion, the court cannot award such costs and expenses at this juncture. Hence, the court directs the petitioners to submit such an invoice, bill, and affirmation of attorneys' services supporting their application for an award of costs to compensate them for the respondent's civil contempt, upon which the court will issue a supplemental order making the appropriate award.

In light of the foregoing, it is,

ORDERED that the petitioners' motion is granted, without opposition, to the extent that the respondent is held in civil contempt and is directed to pay a fine of $250.00, plus the petitioners' costs and expenses incurred in making this motion as a consequence thereof, and the motion is otherwise denied; and it is,

ADJUDGED that the respondent, Earl W. Brian III, is held in civil contempt; and it is further,

155841/2023 DOUGLAS S. WALKER ET AL vs. EARL W. BRIAN, III
Motion No. 002

Page 3 of 4

ORDERED that, on or before June 7, 2024, the respondent, Earl W. Brian III, shall purge his contempt by appearing for and giving a deposition and producing the documents identified in the subpoena served upon him; and it is further,

ORDERED that, if, on or before June 7, 2024, the respondent, Earl W. Brian III, does not purge his contempt by appearing for and giving a deposition and producing the documents identified in the subpoena served upon him, he shall, upon motion by the petitioners. be subject to seizure by New York City Sheriff to compel his appearance; and it is further,

ORDERED that, on or before May 10, 2024, the petitioners shall serve a copy of this decision, order, and judgment upon the respondent by regular mail and certified mail, return receipt requested; and it is further,

ORDERED that, within 30 days of the entry of this decision, order, and judgment the petitioners shall submit a bill or invoice, and an affirmation of attorneys' services, to establish the amount to which they are entitled to recover from the respondent as a consequence of his civil contempt.

This constitutes the Decision, Order, and Judgment of Contempt of the court.

| 5/1/2024 | |
| --- | --- |
| DATE | JOHN J. KELLEY, J.S.C. |

| CHECK ONE: | X | CASE DISPOSED | | | NON-FINAL DISPOSITION | | |
| --- | --- | --- | --- | --- | --- | --- | --- |
| | | GRANTED | | DENIED | X | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

155841/2023   DOUGLAS S. WALKER ET AL vs. EARL W. BRIAN, III
Motion No. 002

Page 4 of 4

4 of 4