| Green v IPRO |
|:---:|
| 2024 NY Slip Op 34276(U) |
| December 4, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 153634/2023 |
| Judge: John J. Kelley |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     HON. JOHN J. KELLEY                    PART                    56M

*Justice*

-----------------------------------------------------------------------X

REMY GREEN,

                        Plaintiff,

               - v -

IPRO, NEW YORK STATE DEPARTMENT OF FINANCIAL
SERVICES, and EMBLEMHEALTH,

                    Defendants.

-----------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 153634/2023 |
| MOTION DATE | 12/4/2024 |
| MOTION SEQ. NO. | 004 |

**DECISION, ORDER, AND
JUDGMENT OF CONTEMPT**

The following e-filed documents, listed by NYSCEF document number (Motion 004) 32, 33, 34, 35, 36, 37

were read on this motion to/for                   CONTEMPT           .

In this action for a judgment declaring that the defendant EmblemHealth is obligated under a contract of healthcare insurance to pre-approve and ultimately cover or reimburse the plaintiff for a spinal cord stimulator trial, which had been converted from a CPLR article 78 proceeding, the plaintiff moves pursuant to Judiciary Law §§ 753(A)(1) to hold that defendant in civil contempt of court for its failure to comply with this court's August 8, 2024 decision, order, and judgment, as amended August 15, 2024. EmblemHealth opposes the motion. The motion is granted, EmblemHealth is adjudged to be in civil contempt of court, and EmblemHealth shall be required to cover and pay for the plaintiff's spinal cord stimulator trial, and any further spinal cord stimulator treatment deemed to be warranted by any physician based on the outcome of that trial, that is conducted or rendered on or before February 12, 2025, regardless of whether the plaintiff's contract of insurance lapses as of January 1, 2025. EmblemHealth shall also be obligated to pay the plaintiff the sum of $750.00, as and for an attorney's fee and statutory fine.

The plaintiff initially commenced this matter as a CPLR article 78 proceeding on April 20, 2023, and served EmblemHealth with a copy of the initiatory order to show cause, petition, and

153634/2023 GREEN, REMY vs. IPRO ET AL
Motion No. 004

supporting papers by personally delivering copies thereof to CT Corporation Systems, which is EmblemHealth's registered agent for service of process (*see* CPLR 311[a][1]). EmblemHealth did not answer or move with respect to the petition. In a decision, order, and judgment dated November 17, 2023 (SEQ 001), the court nonetheless denied the petition, albeit without prejudice to renewal upon a showing that the court had subject matter jurisdiction over the dispute, or the commencement of a plenary action pursuant to section 502(a)(1)(B) of the federal Employee Retirement Income Security Act of 1974 (29 USC § 1132[a][1][B]; hereinafter ERISA) in a court of competent jurisdiction.

The then-petitioner elected to move for leave to renew the petition by establishing that the subject medical insurance policy issued by EmblemHealth was not governed by ERISA, that the state-law claims asserted in the petition thus were not preempted by ERISA, and that this court thus had subject matter jurisdiction over the dispute (SEQ 003). The then-petitioner served EmblemHealth with the November 21, 2023 order to show cause and supporting papers referable to the renewal motion by mailing them to EmblemHealth's general counsel, in accordance with the directives set forth in that order to show cause. EmblemHealth, however, did not submit any papers responsive to the renewal motion. In a decision, order, and judgment dated August 8, 2024, as amended August 15, 2024, this court granted leave to renew, vacated the November 17, 2023 decision, order, and judgment, converted the proceeding into an action, converted the petition into a motion for summary judgment, redesignated the petitioner as a plaintiff, and awarded summary judgment declaring that EmblemHealth was obligated to approve and cover any expenses incurred by the plaintiff in connection with the spinal cord stimulator trial, which initially had been scheduled to be conducted between June and September 2022. The court concluded that the language of the relevant health insurance policy unambiguously required EmblemHealth to approve and pay for "lumbar/thoracic D[orsal] C[olumn] S[pinal] implantation as an in-patient procedure for . . . complex regional pain syndrome (CRPS)," and that the plaintiff established a diagnosis of CRPS.

153634/2023  GREEN, REMY vs. IPRO ET AL
Motion No. 004

Page 2 of 6

2 of 6

[* 2]

As relevant to the instant motion, the court directed EmblemHealth, within 30 days of the plaintiff's service upon it of a copy of the August 8, 2024 decision, order, and judgment, as amended August 15, 2024, with notice entry, to approve the spinal cord stimulator trial, and to cover and pay for it if the spinal cord stimulator trial already had been conducted or, if yet to be conducted, to pay for it when the spinal cord stimulator trial ultimately was conducted. On August 19, 2024, the plaintiff served EmblemHealth with a copy of that decision, order, and judgment, with notice of entry, by regular mail, addressed to its general counsel's office. EmblemHealth thus was required to approve and/or pay for the spinal cord stimulator trial on or before September 23, 2024, which was 30 days after August 19, 2024, plus 5 days to account for service by mail (*see* CPLR 2103[b][2]).

EmblemHealth did not comply with the timing requirements set forth in the August 8, 2024 decision, order, and judgment, as amended August 15, 2024, inasmuch as it neither approved, nor paid for, the spinal cord stimulator trial on or before September 23, 2024. Rather, as reported to the court by EmblemHealth's counsel during oral argument on December 4, 2024, EmblemHealth issued an approval on December 3, 2024, thus delaying by 71 days its compliance with August 8, 2024 decision, order, and judgment, as amended August 15, 2024.

To prevail on an application to punish a party for civil contempt, the moving party must establish that the party to be held in contempt violated a clear and unequivocal court order, known to the parties (*see* Judiciary Law § 753[A][1]; *see also McCormick v Axelrod*, 59 NY2d 574 [1983], *amended* 60 NY2d 652 [1983]). The applicant must also establish that the party to be held in contempt engaged in conduct that was calculated to and actually did defeat, impair, impede, and prejudice the rights of the applicant (*see 450 West 14th St. Corp. v 40-56 Tenth Avenue, LLC*, 15 AD3d 166 [1st Dept 2005]; *Lipstick, Ltd. v Grupo Tribasa, S.A. de C.V.*, 304 AD2d 482 [1st Dept 2003]). "[W]ilfulness is not an element of civil contempt" (*El-Dehdan v El-Dehdan*, 26 NY3d 19, 35 [2015]). A civil contempt must be proven by clear and convincing evidence (*see Classe v Silverberg*, 168 AD3d 603, 604 [1st Dept 2019]). A lawful order of this

**153634/2023   GREEN, REMY vs. IPRO ET AL**
**Motion No.  004**

court was rendered and in effect as of August 8, 2024, directing EmblemHealth to issue an approval by a date certain. Since the plaintiff had yet to undergo or be billed for a spinal cord stimulator trial as of the September 23, 2024 deadline, EmblemHealth only was obligated to issue the necessary approval by that date so that the plaintiff could schedule such a trial with an appropriate health-care provider. By failing or refusing to issue such an approval, EmblemHealth not only disobeyed the order, but engaged in conduct that impeded and prejudiced the plaintiff's rights. Hence, clear and convincing evidence supports the motion.

As a punishment for EmblemHealth's civil contempt, the court concludes that, inasmuch as EmblemHealth delayed in complying with the court's explicit directives for 71 days, it shall be required to pay for or reimburse the plaintiff for any spinal cord stimulator trial administered within the first 71 days after the entry of this order and judgment of contempt, that is, between the date of entry and February 12, 2025, regardless of whether the subject insurance policy lapses on January 1, 2025. Moreover, if any health-care provider who conducts the trial, or who reviews the results of the trial by February 12, 2025 concludes that permanent implantation of the spinal cord stimulator is warranted or indicated, EmblemHealth shall be obligated to pay for the reasonable expenses incurred in connection with that procedure if it also is performed within that same 71 days.

The court concludes that the imposition of a fine also is an appropriate punishment for EmblemHealth's contempt (*see King v King*, 124 Misc 2d 946, 950 [Sup Ct, N.Y. County 1984]). The unambiguous language of the Judiciary Law provides that such a fine may not exceed the amount of the complainant's costs and expenses in making the contempt motion, including attorneys' fees, plus $250 (Judiciary Law § 773; *see State v Unique Ideas, Inc.*, 44 NY2d 345, 349 [1978]; *Jamie v Jamie*, 19 AD3d 330, 330 [1st Dept 2005]; *King v King*, 124 Misc 2d at 950). Where, as here, a contract or statute provides for the award of attorneys' fees to a prevailing party, an attorney such as Remy Green, who is self-represented, may recover fees for "'the professional time, knowledge and experience . . . which he [, she, or they] would

153634/2023  GREEN, REMY vs. IPRO ET AL
Motion No. 004

Page 4 of 6

[* 4]

4 of 6

otherwise have to pay an attorney for rendering'" (*Board of Mgrs. of Foundry at Wash. Park Condominium v Foundry Dev. Co., Inc.*, 142 AD3d 1124, 1126 [2d Dept 2016], quoting *Parker 72nd Assoc. v Isaacs*, 109 Misc 2d 57, 59 [Civ Ct, N.Y. County 1980], quoting, in turn, *Kopper v Willis*, 9 Daly 460, 469 [1881]; *cf. Gray v Richardson*, 251 AD2d 268, 268 [1st Dept 1998] [pro se attorney may recover attorney's fees since applicable Delaware statute permitted recovery of pro se attorney's fees]). Hence, the plaintiff is entitled to an award of reasonable attorneys' fees, which the court concludes should be in the sum of $500.00, plus the $250.00 statutory amount, for a total amount of $750.00.

In light of the foregoing, and the court having given the parties an opportunity to be heard, and the court having heard the parties in the courtroom in connection with the moton on December 4, 2024, it is,

ORDERED that the plaintiff's motion is granted; and it is,

ADJUDGED that the defendant EmblemHealth is held in civil contempt for its failure to comply with the decision, order, and judgment on this court dated August 8, 2024, as amended August 15, 2024; and it is further,

ORDERED that the defendant EmblemHealth shall pay for or reimburse the plaintiff for any spinal cord stimulator trial administered within the first 71 days after the entry of this decision, order, and judgment of contempt, that is, until February 12, 2025, regardless of whether the subject insurance policy lapses on January 1, 2025, and that, if any health-care provider who conducts the spinal cord stimulator trial on or before February 12, 2025, or who reviews the results of the spinal cord stimulator trial on or before February 12, 2025, concludes that permanent implantation of the spinal cord stimulator is warranted or indicated, EmblemHealth shall be obligated to pay for the reasonable expenses incurred in connection with that procedure if it is performed on or before February 12, 2025; and it is further,

ORDERED that the Clerk of the court shall enter a money judgment in favor of the plaintiff, Remy Green, and against the defendant EmblemHealth, in the total sum of $750.00,

153634/2023 GREEN, REMY vs. IPRO ET AL
Motion No. 004

Page 5 of 6

5 of 6

consisting of $500.00 as and for the attorneys' fees that the plaintiff incurred in making the

instant motion, plus the statutory fine in the sum of $250.00.

This constitutes the Decision, Order, and Judgment of Contempt of the court.

| 12/4/2024 | JOHN J. KELLEY, J.S.C. |
|:---:|:---:|
| DATE | |

| CHECK ONE: | X | CASE DISPOSED | | | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | X | GRANTED | | DENIED | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

153634/2023  GREEN, REMY vs. IPRO ET AL
Motion No.  004

Page 6 of 6

6 of 6

[* 6]